**Roger Lewis GRANT, Petitioner–Appellant,**

v.

**Glynn BOOHER, Warden, Respondents–Appellees.**

No. 01–6261.

United States Court of Appeals, Tenth Circuit.

Dec. 21, 2001.

Before HENRY, BRISCOE, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT *

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2). The case is, therefore, ordered submitted without oral argument.

Roger Lewis Grant, a state prisoner proceeding pro se, requests 1) a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 habeas petition and 2) authorization to proceed *in forma pauperis* ("*ifp*"). For the reasons stated below, we deny a COA, deny *ifp* status, and dismiss the appeal.

On April 26, 1996, an Oklahoma jury convicted Mr. Grant of one count of lewd molestation. The trial court sentenced Mr. Grant to fifteen years' imprisonment and a $5,000 fine. Mr. Grant appealed his conviction to the Oklahoma Court of Crim-

* This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

inal Appeals (the "OCCA"). On January 9, 1997, the OCCA affirmed Mr. Grant's conviction. Mr. Grant declined to seek certiorari in the United States Supreme Court. On April 8, 1998, however, Mr. Grant did again challenge the validity of his conviction, this time filing a state post-conviction petition. On May 5, 1998, an Oklahoma trial court denied that state post-conviction petition. Mr. Grant responded with a May 7, 1998 state post-conviction petition in challenge to his sentence. The Oklahoma trial court denied that petition on the same day, May 7, 1998. Mr. Grant elected not to appeal the denial of either of his state post-conviction petitions.[1]

On November 29, 2000, Mr. Grant returned to the courts, this time by filing a 28 U.S.C. § 2254 habeas corpus petition in the United States District Court for the Western District of Oklahoma. In his petition, Mr. Grant contended: 1) Oklahoma violated his Sixth and Fourteenth Amendment rights via the denial of effective assistance of appellate counsel on his direct appeal to the OCCA; 2) Oklahoma violated his Sixth and Fourteenth Amendment rights via the denial of effective assistance of trial counsel; 3) Oklahoma violated his Fifth, Sixth, and Fourteenth Amendment rights via the denial of a fair and impartial jury; 4) Oklahoma violated his First Amendment rights via the prosecution's introduction of certain 'religiously privileged' testimony; and 5) Oklahoma violated his Fifth, Sixth, and Fourteenth Amendment rights via prosecutorial misconduct. Perhaps sensing the time bar he faces, Mr. Grant included within his petition a passing reference to his "Actual Innocence." *See* Petition of Aplt.—Petitioner, at IV.

The district court, incorporating a Magistrate's Report and Recommendation, denied relief and, implicitly, further denied Mr. Grant a COA. *See* General Order of Oct. 1, 1996 (10th Cir.) (directing that, where a district court does not explicitly rule on the COA issue, we will deem the COA denied). The district court denied the habeas petition by finding the petition time-barred under the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) (as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214) ("A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court."). The district court began by observing that § 2244(d)(1)'s one-year statute of limitation runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Here, the OCCA denied Mr. Grant's direct appeal on January 9, 1997. Though Mr. Grant did not seek certiorari in the United States Supreme Court, that option remained open to him until April 8, 1997. *See* Sup.Ct. R. 13(1) (establishing a ninety-day window during which a state court defendant may seek certiorari from a judgment in the state court of last result). Thus, Mr. Grant's conviction became final, for purposes of § 2244(d)(1), on April 9, 1997. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir.2001) (recognizing that, where a state prisoner declines to pursue certiorari in the United States Supreme Court, "[that] petitioner's conviction is not final ... until ... after the time for filing a petition for certiorari with the Supreme Court has passed") (internal quotation

---

1. Mr. Grant later filed a number of additional state post-conviction petitions. Those peti-

tions, however, are immaterial to our disposition of this case.

marks omitted). Given that Mr. Grant's conviction became final on April 9, 1997, Mr. Grant's habeas petition, absent tolling of § 2244(d)(1)'s one-year statute of limitation, is untimely, and thus must be denied, if filed on or after April 9, 1998.

■ The district court determined that tolling is applicable to Mr. Grant's habeas petition. Section 2244(d)(2) directs: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)(1) ]." Here, Mr. Grant filed two relevant state post-conviction petitions; Mr. Grant benefits from tolling in regard to each petition.

Mr. Grant filed his first state post-conviction petition on April 8, 1998, the last possible day on which tolling could benefit Mr. Grant. Thus the period between April 8, 1998 and the Oklahoma trial court's May 5, 1998 denial of Mr. Grant's first state post-conviction petition is not counted against Mr. Grant. Also not counted against Mr. Grant is the period during which he could have sought appeal of the Oklahoma trial court's denial of that first post-conviction petition. *See Gibson v. Klinger*, 232 F.3d 799, 803–04 (10th Cir. 2000) (interpreting § 2244(d)(2)'s "time during which [a petitioner's state post-conviction petition] *is pending*" (emphasis added) to include the time period during which a petitioner may elect to appeal a denial of his or her post-conviction petition). Oklahoma statute provided Mr. Grant thirty days to file such an appeal, *see* OKLA. STAT. tit. 22, § 1087 ("A final judgment entered under [the state post-conviction relief] act may be appealed to the Court of Criminal Appeals ... within thirty (30) days from the entry of the judgment."); since Mr. Grant declined to exercise that right, Mr. Grant's state post-conviction petition became final on June 4, 1998. Thus, on June 4, 1998, the § 2244(d)(2) tolling associated with that first state court petition ceased.

On May 7, 1998, Mr. Grant filed his second state petition for post-conviction relief. The Oklahoma trial court denied that petition on the same day, May 7, 1998. As noted above, under Oklahoma statute, Mr. Grant then had thirty days in which to file an appeal from that denial of post-conviction relief. Since Mr. Grant again declined to exercise that right, Mr. Grant's state post-conviction petition became final on June 8, 1998.[2] Thus, on June 8, 1998, the § 2244(d)(2) tolling associated with Mr. Grant's second state court petition ceased.

In sum, pursuant to § 2244(d)(2), Mr. Grant's state post-conviction petitions tolled the § 2244(d)(1) one-year statute of limitation between April 8, 1998 and June 8, 1998. Since, absent tolling, April 8, 1998 was the final day on which Mr. Grant could have filed a federal habeas petition, and since the tolling period expired June 8, 1998, Mr. Grant's time in which to file his

---

**2.** Thirty days from May 7, 1998 is actually June 6, 1998. However, June 6, 1998 was a Saturday. In Oklahoma, where a filing time limit concludes on a weekend, the petitioner may file on the next day on which the court is open: here, Monday, June 8, 1998. *See* OKLA. STAT. tit. 12, ch. 39, § 2006. In our case, the district court actually notes June 5, 1998 as the date on which Mr. Grant's second state post-conviction petition became final. *See* Dist. Ct. Order, dated June 28, 2001, at 2 (incorporating Magistrate's Report and Recommendation, at 4 n. 4). We take this to amount to a mere typographical error in an opinion otherwise notable for its thorough and well-considered treatment of Mr. Grant's claims. The three-day (one business day) error is, in this case, immaterial.

federal habeas appeal, in turn, expired on June 9, 1998.

■ Given the June 9, 1998 expiration date of the § 2244(d)(1) statute of limitation, and since Mr. Grant did not file his federal habeas petition until November 29, 2000, the district court found Mr. Grant's petition untimely. Finally, however, the district court considered the application of equitable tolling. Despite the silence of AEDPA on this issue, we have held that § 2244(d)(1) is indeed subject to equitable tolling, though "only in rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (internal quotation marks omitted); *accord Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998). One circumstance in which we may apply equitable tolling is when faced with a claim of "actual innocence." *Gibson*, 232 F.3d at 808 ("Equitable tolling would be appropriate, for example, when a prisoner is actually innocent."). A necessary prerequisite to any application of equitable tolling, however, is a finding that "[the] petitioner [has] diligently pursue[d] his federal habeas claims." *Gibson*, 232 F.3d at 808; *accord Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000) ("[T]his equitable remedy is only available when an inmate [1] diligently pursues his claims and [2] demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

Noting Mr. Grant's passing reference to his "Actual Innocence," the district court considered application of equitable tolling. The district court declined to apply equitable tolling for two reasons. First, the district court found that Mr. Grant had failed to diligently pursue his claims. Second, the district court found that Mr. Grant had failed to provide any factual basis in support of his claim of actual innocence. The district court rejected Mr. Grant's assertion that Oklahoma's denial of a trial transcript excused his failure to provide such a factual basis. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir.1992) (per curiam) (factual allegations are necessary to entitle a habeas petitioner to a free trial transcript). Thus, the district court declined to apply equitable tolling and, pursuant to § 2244(d)(1), dismissed Mr. Grant's habeas petition as time-barred.

■ Mr. Grant now seeks a COA in order to appeal the district court's dismissal. Mr. Grant presses the same five allegations of error, this time expressly contending that his present claims are not time-barred pursuant to § 2244(d)(1). Pursuant to *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), we liberally construe Mr. Grant's allegations. To be entitled to a COA, Mr. Grant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Grant may make this showing by demonstrating that the issues he raises are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

■ Having reviewed Mr. Grant's request for a COA, his appellate brief, the district court's order, and the appellate record, we conclude that Mr. Grant has failed to make the required showing for a COA. Accordingly, and for substantially the same reasons set forth in the district court's June 28, 2001 order and the Magistrate's April 18, 2001 Report and Recommendation incorporated therein, we DENY Mr. Grant's motion for a COA, DENY Mr. Grant's petition to proceed *ifp*, and DISMISS his appeal.