F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILLY DEAN HARMON,

      Petitioner - Appellant,

v.

ELVIS HIGHTOWER,

      Respondent - Appellee.

No. 04-7126
(D.C. No. 01-CV-196-P)
(E.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

Billy Dean Harmon, an Oklahoma inmate appearing pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Because Mr. Harmon has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA and dismiss the appeal.

Mr. Harmon was convicted of second degree burglary, knowingly concealing stolen property, and unlawful possession of a controlled drug, each after former conviction of two or more felonies. He was sentenced to terms of 25,

20 and 20 years, respectively, with the 20 year sentence on the stolen property count running concurrently with the 25 year sentence, for a total of 45 years. R. Doc. 24 at 1-2 & Ex. C at 1. The judgment and sentence was affirmed on direct appeal by the Oklahoma Court of Criminal Appeals (OCCA) and Mr. Harmon only sought state post-conviction relief pertaining to the consideration of past convictions in sentencing.

Construing Mr. Harmon's petition for habeas corpus liberally, the district court identified thirteen alleged grounds for relief. Such grounds included: (I) conspiracy to deprive petitioner of equal protection under the law; (II) denial of due process through a denial of access to the courts; (III) ineffective assistance of trial counsel; (IV) denial of due process through insufficient evidence; (V) denial of due process through prosecutorial misconduct; (VI) insufficient evidence to support the drug conviction; (VII) insufficient evidence to support the concealing stolen property conviction; (VIII) error in allowing the jury to rehear certain testimony; (IX) excessive sentence; (X) lack of probable cause for arrest; (XI) petitioner was bound over for trial illegally; (XII) denial of a fair and impartial jury; (XIII) denial of equal protection due to actual and factual innocence.

In her findings and recommendation, the magistrate judge recommended that Mr. Harmon's petition be dismissed. With respect to grounds I-V and X-XIII, the magistrate judge determined that these unexhausted claims would be

procedurally barred under <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). The magistrate judge recommended dismissal of grounds VI-IX on the merits, finding that sufficient evidence existed to support Mr. Harmon's convictions and that the remaining issues raised alleged errors in state law that did not rise to the level of constitutional violations. Mr. Harmon timely objected to the magistrate judge's findings and recommendation. He was then permitted to amend his petition to add a fourteenth ground: (XIV) denial of due process through the improper use of prior convictions for sentence enhancement. The magistrate judge again recommended that Mr. Harmon's petition be dismissed as procedurally barred. Mr. Harmon did not object to the supplemental findings and recommendation. The district court subsequently adopted both the original and supplemental findings and recommendation, rejecting Mr. Harmon's timely objections as lacking in merit.

This court affords a liberal construction to the pleadings of a defendant appearing pro se. <u>United States v. Mora</u>, 293 F.3d 1213, 1216 (10th Cir. 2002). However, we will not construct arguments for the habeas petitioner in the absence of any discussion of the issues. Having carefully considered Mr. Harmon's application for COA before this court, we find that he has limited the issues on appeal to allegations concerning (1) conspiracy to deprive the defendant of equal protection under the law, (2) denial of access to the courts resulting in a due

process violation,[1] (3) ineffective assistance of trial counsel, (4) prosecutorial misconduct through the introduction of perjured testimony resulting in a denial of due process, (5) error by the district court in failing to waive the state exhaustion requirement or failing to dismiss the case to allow defendant to pursue unexhausted state claims, and (6) that the allegation in Count XIV of his amended petition should be deemed exhausted or dismissed so that the defendant can pursue the matter in state court. We discuss these issues in turn.

Issues 1-4 above correspond to Grounds I-III and V in the magistrate judge's original findings and recommendation adopted by the district court. Mr. Harmon preserved these issues through timely objection. Because the district court dismissed these claims on procedural grounds, Mr. Harmon must demonstrate that reasonable jurists would find it debatable whether the district court's procedural ruling was correct, and that reasonable jurists would find it debatable whether his habeas petition makes a "substantial showing of the denial of a constitutional right." Slack, 529 U.S. at 484. State prisoners must generally

---

[1] Mr. Harmon repeatedly requests that this court order the state to provide him a full trial record. As we explained in Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992), a state prisoner petitioning for a writ of habeas corpus "does not have a constitutional right to access a free transcript in order to search for error." Mr. Harmon must establish that his claim is not frivolous before a court is required to provide him a free transcript. Through his unsubstantiated allegations of record tampering and omission, Mr. Harmon has failed to meet this burden. We further note that the magistrate judge and district court had the benefit of reviewing the entire record of Mr. Harmon's trial in evaluating his claims.

exhaust their federal claims in state court prior to habeas review. Coleman, 501 U.S. at 731. While the magistrate judge determined that Mr. Harmon's grounds for relief were unexhausted in the Oklahoma courts, she nevertheless found that were Mr. Harmon to attempt to exhaust the claims they would be procedurally barred under Oklahoma law. See Okla. Stat. Ann. tit. 22, § 1086 (requiring that grounds for relief be raised on direct appeal). Considering this eventuality, the magistrate judge concluded that the claims would likewise be barred from habeas review absent a showing of cause and prejudice or a fundamental miscarriage of justice. These conclusions adopted by the district court are not reasonably debatable. See Coleman, 501 U.S. at 750.

We now turn to Issues 5 and 6 in Mr. Harmon's application for COA. Issue 5 is not reasonably debatable because although Mr. Harmon argues that he should be allowed to exhaust his unexhausted claims, his claims would be procedurally barred in state court. With respect to Issue 6, the argument is deemed waived. Mr. Harmon failed to object to the magistrate judge's supplemental findings and recommendation despite clear notice that failure to do so might result in a waiver of appellate review. See Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). Only when the ends of justice dictate otherwise or the pro se litigant is not clearly apprised of the consequences of a failure to object will we not apply our firm waiver rule. Id. at 1413. Neither circumstance attends this case.

Accordingly, we DENY Mr. Harmon's application for COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge