**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 19, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GARY L. GAINES,

   Plaintiff-Appellant,

v.

UNITED STATES MARSHALS
SERVICE; MUSKOGEE COUNTY
SHERIFF; OFFICE OF CHARLES
PEARSON,

   Defendants-Appellees.

No. 08-7030

(E.D. Oklahoma)

(D.C. No. CIV. 06-083-SPS)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Gary L. Gaines, a state prisoner proceeding pro se, appeals the district

court's dismissal of his complaint against the United States Marshal's Service

(USMS) and the Sheriff of Muskogee County, Oklahoma. Pursuant to Rule 12(h)

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of the Federal Rules of Civil Procedure, the district court dismissed Mr. Gaines's complaint after finding it had not been timely filed, thereby depriving the court of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291 to review the district court's decision.

In February 2006, Mr. Gaines filed a complaint in federal district court against the USMS and the Muskogee County Detention Center (MCDC), claiming he had received inadequate medical care from the USMS in November 2002 when it transported him to the MCDC, where he allegedly received inadequate medical care from the sheriff's department. Mr. Gaines had already filed an administrative tort claim against the USMS, which was denied. The district court dismissed Mr. Gaines's claims against the MCDC, which is not a suable entity. After Mr. Gaines amended his complaint to name the Sheriff of Muskogee County as a defendant, the district court dismissed Mr. Gaines's claims against the Sheriff as well, correctly observing that any claims Mr. Gaines might have made against the Sheriff under 42 U.S.C. § 1983 were time-barred by Oklahoma's two-year statute of limitations.

The district court also dismissed Mr. Gaines's claims against the USMS, which, like MCDC, is not a suable entity. The court informed Mr. Gaines that he could amend the complaint to include the United States as a defendant, the proper course under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, but only if the action had been timely filed. *See* 28 U.S.C. § 2401(b) ("A tort claim

-2-

against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.") In this case, the Clerk of the Court received the complaint via U.S. mail on February 27, 2006, more than six months after August 22, 2005, when Mr. Gaines received notice that his administrative claims against the USMS had been denied. The district court directed Mr. Gaines to establish compliance with the "prison mailbox rule," whereby a prisoner may effect timely filing of legal documents through a prison mail system by submitting a sworn, notarized statement that, among other things, attests to the date that the prisoner deposited the documents with the system. *See Price v. Philpot*, 420 F.3d 1158, 1164-65 (10th Cir. 2005). After reviewing Mr. Gaines's submissions, the district court determined that he had not complied with the prison mailbox rule, and, therefore, that his filing was untimely. Mr. Gaines timely appealed the court's ruling.

We review de novo a district court's determination that it lacks subject matter jurisdiction. *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008). After carefully examining the record and the district court's thorough order, we agree with the court's reasoning and conclusion. Under the prison mailbox rule, when an inmate does not have access to a legal mail system, as was the case with Mr. Gaines, "[t]imely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which

must set forth the date of deposit and state that first-class postage has been prepaid." *Price*, 420 F.3d at 1164. Here it is undisputed that Mr. Gaines submitted a proper declaration indicating that he gave a copy of the complaint to prison officials on February 20, 2006, which was barely within the six month window for filing under the FTCA. However, he neglected to state that first class postage was prepaid, a requirement that our cases have rigidly enforced. *See Price*, 420 F.3d at 1166 (holding that a complaint was untimely because the plaintiff had failed to comply with the prison mailbox rule). Thus, Mr. Gaines's filing was untimely, and the district court did not err in determining that it lacked subject matter jurisdiction.[1]

Accordingly, we AFFIRM the district court's decision.

Entered for the Court,

Robert H. Henry
Chief Circuit Judge

---

[1] Because we hold that Mr. Gaines did not timely file his amended complaint, we need not determine whether the new complaint related back to the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure. Rule 15(c) requires, among other things, that the newly named party (here, the United States) have had sufficient notice of the original institution of the action. *See* FED. R. CIV. P. 15(c)(1)(C). When the United States is added as a defendant, as a general rule, the mailing of process to the United States Attorney or the Attorney General of the United States will suffice to establish proper notice. *See* FED. R. CIV. P. 15(c)(2); *Allgeier v. United States*, 909 F.2d 869, 872 (6th Cir. 1990) (discussing notice to the United States in the context of Rule 15(c)). Mr. Gaines, however, has made no effort to show that process was timely served to a proper party, and the government has not conceded that Mr. Gaines's amended complaint would relate back.