FILED
United States Court of Appeals
Tenth Circuit

February 13, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENENTH CIRCUIT

HERBERT E. HAILEY, II,

    Petitioner-Appellant,

v.

CHARLES RAY, Warden,

    Respondent-Appellee.

No. 08-6175
(D.C. No. 5:07-cv-00146-D)
(W.D. Okla.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Herbert Hailey was sentenced in state court to multiple terms of imprisonment for convictions on 23 counts of various sexual offenses. On direct appeal, the Oklahoma Court of Criminal Appeals affirmed all but one of his convictions, and thereafter Mr. Hailey sought and was denied state post-conviction relief. He then filed the instant collateral challenge to his confinement pursuant 28 U.S.C. § 2254, raising some twenty separate constitutional claims. The district court denied his habeas petition. It found that two of his claims were

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

not supported with enough facts to permit review; five of his claims were procedurally barred; and thirteen of his claims were unexhausted.

We are now called upon to decide whether to grant Mr. Hailey a Certificate of Appealability ("COA") in order to permit his appeal from the district court's denial of his habeas petition. A COA will not issue unless the applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, Mr. Hailey must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

In assessing Mr. Hailey's *pro se* COA application under this standard, we afford his pleadings solicitous consideration. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n. 1 (10th Cir. 2007). Even so, after reviewing the record and the district court's extensive and thoughtful opinion, we cannot help but conclude that no reasonable jurist could doubt the correctness of the district court's disposition. Accordingly, and for substantially the same reasons given by the district court, we deny Mr. Hailey's application for a COA.[1]

---

[1] Mr. Hailey asserts in his brief before us that because of his indigence he asked for – but was denied – free transcripts from his trial to assist him in the preparation of his collateral challenge. We have previously held that "an indigent § 2254 petitioner does not have a constitutional right to access a free transcript in

(continued...)

We see, as well, entirely independent grounds supporting the district court's judgment: Mr. Hailey's habeas petition to the district court was not filed within the statute of limitations set forth by 28 U.S.C. § 2244(d). Conceding that his petition was received by the district court over a week after the statute of limitations had run, Mr. Hailey sought to establish the timeliness of his petition by reference to the prison mailbox rule. Under this rule, an inmate may establish timely filing by either "(1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid." *Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005). A prison legal mail system, we have stated, is one in which "prison

---

[1](...continued)
order to search for error," *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam), but rather must demonstrate that his claims are non-frivolous, *Harmon v. Hightower*, 2005 WL 2033706, at *2 n.1 (10th Cir. 2005) (stating that § 2254 petitioner "must establish that his claim is not frivolous before a court is required to provide him a free transcript"). Mr. Hailey asserts a need for his trial transcripts to assist in preparation of his ineffective assistance of appellate counsel claims. However, his bare allegations of counsel's ineffectiveness are insufficient to persuade us that his claims are non-frivolous. In addition, none of his claims appears to be predicated on material that a trial transcript would contain. For example, Mr. Hailey states that his trial counsel was deficient in failing to apprise him of the punishment range for each charge and the benefit of accepting a guilty plea. But such a claim involves activities *outside* of trial, not any that would appear in a trial transcript.

authorities log in all legal mail at the time it is received." *United States v. Gray*, 182 F.3d 762, 765 (10th Cir. 1999).

The difficulty is that Mr. Hailey has failed to carry his burden under the prison mailbox rule. He asserts that on January 27, 2007, the deadline for the filing of his petition, he placed his petition in a "blue mail box" in his prison. While he has not further explained the workings of the prison mail system, the state submitted an affidavit establishing that *all* mail is collected from this receptacle, and thereafter logged, every morning except on weekends or holidays. We do not need to decide whether this mail system constitutes a "satisfactory" *legal* mail system under our precedent. If it is such a system, then Mr. Hailey has not shown that he adequately complied with it. The state submitted a log sheet from the prison mail room showing that no outgoing mail was logged in from Mr. Hailey until February 5, 2007, more than one week after his filing deadline; Mr. Hailey has done nothing to contravene this evidence. If it is not such a system, then Mr. Hailey was required, but failed, to submit "a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid." *Price*, 420 F.3d at 1166. While he submitted a declaration under penalty of perjury that his petition was placed in the prison mailing system on January 27, 2007, he has failed to aver, as he must, that postage was prepaid. *See Gaines v. United States Marshals Serv.*, 2008 WL 3843462, at *1 (10th Cir. 2008) (holding that because

- 4 -

inmate neglected to aver "that first class postage was prepaid," he failed to comply with the prison mailbox rule).

For the foregoing reasons, Mr. Hailey's application for a COA is denied and the appeal is dismissed.  We further deny his application to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge