**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**March 6, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

DONNELL BARROW,

    Petitioner - Appellant,

v.

DONALD HUDSON,
Warden, USP-Leavenworth,

    Respondent - Appellee.

No. 23-3137
(D.C. No. 5:23-CV-03026-JWL)
(D. Kan.)

———————————————————

## ORDER AND JUDGMENT[*]
———————————————————

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
———————————————————

Donnell Barrow, a federal prisoner proceeding pro se, appeals the denial of his petition for habeas relief under 28 U.S.C. § 2241, as well as his motion for reconsideration. Because Barrow failed to satisfy the prison mailbox rule, we dismiss his untimely appeal for lack of jurisdiction.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.

Barrow filed a petition for habeas corpus under § 2241, seeking credit towards his sentence that he claims he earned under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. In May 2023, the district court deemed Barrow's petition to be without merit and denied it. Barrow timely filed a motion for reconsideration, which the district court denied on May 24, 2023. Accordingly, Barrow was required to file his notice of appeal on or before July 24, 2023. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B).

Although Barrow's notice of appeal is dated July 24, 2023, and includes a handwritten note dated July 20, 2023, the envelope containing these filings is postmarked July 25, 2023. Likewise, the district court did not receive Barrow's notice of appeal until July 28, 2023. As a result, this court issued a jurisdictional show cause order, asking Barrow to address the timeliness of his appeal.

In response, Barrow filed a "Declaration," in which he "swear[s] under the penalty of purgery [sic]" that he "submitted his legal mail" on July 24, 2023. Aplt. Dec. at 1. Barrow further states:

> Here at FCI Englewood, legal mail goes out in the mornings[.] FCI Englewood does not let inmates drop off there [sic] legal mail until 10:30 am to 11:30 am[.] [M]ail has already left for that day in the early mornings and cannot be sent out until the next day[.] [S]o help me God that this is the truth and nothing but the truth.

*Id.*

## II.

"The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction." *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004) (quoting *Parker v. Bd. of Pub. Utils.*, 77 F.3d 1289, 1290 (10th Cir. 1996)). Indeed, this court has "no authority to create equitable exceptions to jurisdictional requirements" in a civil case. *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see also Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 269 (1978) (holding that federal habeas corpus cases are civil rather than criminal proceedings). A litigant's pro se status does not affect this prerequisite, *see Mayfield v. U.S. Parole Comm'n*, 647 F.2d 1053, 1054–55 (10th Cir. 1981) (dismissing pro se appeal filed three days late), and Barrow bears the burden of establishing our subject matter jurisdiction. *Ceballos-Martinez*, 387 F.3d at 1143.

Because Barrow is in federal custody, he may establish that his appeal is timely if he can show he complied with the prison mailbox rule. *See Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005) (A pro se prisoner's notice of appeal "will be considered timely if [it is] given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents."). To benefit from the rule, a prisoner must use the institution's legal mail system, deposit the notice on or before the last day

3

for filing, and include "a declaration in compliance with 28 U.S.C. § 1746 . . . setting out the date of deposit and stating that first-class postage is being prepaid." Fed. R. App. P. 4(c)(1)(A)(i).

Though Barrow set out the date of deposit, he failed to state that first-class postage had been prepaid. This omission is fatal. *See, e.g., Ceballos-Martinez*, 387 F.3d at 1145 (holding that the prisoner's failure to affirm that he prepaid first-class postage meant that his filing did not satisfy the prison mailbox rule's requirements); *Hailey v. Ray*, 312 F. App'x 113, 115–16 (10th Cir. 2009) (holding that because the prisoner failed to aver that first-class postage was prepaid, he failed to comply with the prison mailbox rule); *Gaines v. United States Marshals Serv.*, 291 F. App'x 134, 136 (10th Cir. 2008) (describing the requirement regarding first-class postage to be "rigidly enforced").[1] Because Barrow's "Declaration" is insufficient to satisfy the prison mailbox rule, his appeal is untimely and this court is deprived of jurisdiction.

## III.

We are without jurisdiction to consider Barrow's untimely appeal because Barrow failed to satisfy the strict requirements of the prison

---

[1] Because Barrow failed to state first-class postage had been prepaid, we need not decide whether his "Declaration" met the requirements of § 1746. *See United States v. Payne*, No. 20-5021, 2020 WL 4805472, at *2 n.4 (10th Cir. May 13, 2020).

mailbox rule when he filed his notice of appeal. Accordingly, the appeal is

DISMISSED. Barrow's motion to proceed in forma pauperis is GRANTED.

Entered for the Court


Richard E.N. Federico
Circuit Judge