**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERTO ANTONIO JACKSON,

       Petitioner - Appellant,

v.

CHARLES RAY, Warden,

       Respondent - Appellee.

No. 08-6099
(W.D. Oklahoma)
(D.C. No. 5:07-CV-00316-D)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

Roberto Antonio Jackson, appearing pro se, requests a certificate of appealability (COA) to appeal the district court's denial of his application for a writ of habeas corpus under 28 U.S.C. § 2254. *See id*. § 2253(c) (requiring COA to appeal denial of application). Because no reasonable jurist could conclude that Mr. Jackson's § 2254 application should have been resolved in a different manner, *see Slack v. McDaniel*, 529 U.S. 473, 485 (2000), we deny his request for a COA and dismiss this appeal.

## I.   BACKGROUND

Mr. Jackson was convicted in 2003 in Oklahoma state court on one count of possession with intent to distribute marijuana and one count of possession with intent to distribute cocaine.  He was sentenced to 30 years' imprisonment on each count, the terms to be served concurrently.  On direct appeal the Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions and sentence.  Mr. Jackson pursued state postconviction relief, but the OCCA affirmed the trial court's denial of relief.

On March 13, 2007, Mr. Jackson filed his § 2254 application in the United States District Court for the Western District of Oklahoma.  His application raised six claims:  (1) that the trial court erroneously denied his motion to suppress; (2) that he was denied due process in connection with his state postconviction proceedings; (3) that his convictions on the two drug-possession counts violated the prohibition against double jeopardy; (4) that trial and appellate counsel rendered ineffective assistance; (5) that his sentence is disproportionate and excessive; and (6) that he is "'actually innocent' of the two thirty (30) year sentences" he received, R. Doc. 1 at 3 (full capitalization omitted).  The district court denied him relief.

## II.  DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard

requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in state court, a federal court will grant habeas relief only when the applicant establishes that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have stated,

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, relief is provided only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets, citations and internal quotation marks omitted). In addition,

> [f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).

*Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). For those of Mr. Jackson's claims that were adjudicated on the merits in the state court, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir.2004).

Mr. Jackson's application for a COA and appellate brief challenge the denial of the claims in his § 2254 application. We proceed to address each claim in turn.

We need not review the merits of Mr. Jackson's claim that the "trial court erred in overruling [his] motion to suppress." Aplt. Br. at 9 (full capitalization omitted). This claim was raised in state court and rejected on the merits. Therefore, federal habeas review is not available. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted

-4-

federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." (footnote omitted)).

We can also summarily dispose of Mr. Jackson's claim that his state postconviction proceedings were "violative of the basic due process clause of the federal constitution and the decisions therefrom are clearly contrary to the Supreme Court precedent." Aplt. Br. at 15 (full capitalization omitted). Habeas relief under § 2254 is granted only for errors in the state judgment forming the basis for incarceration. If that judgment was proper, there is no ground for habeas relief based on flaws in state postconviction proceedings. Thus, claims such as Mr. Jackson's "fail to state a federal constitutional claim cognizable in a federal habeas proceeding." *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993); *see Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998).

Mr. Jackson's double-jeopardy claim is based on his contention that his two drug-possession convictions (for possession of marijuana and possession of cocaine) required proof of the same elements—namely, that he "(1) [k]nowingly (2) possessed (3) a controlled dangerous substance." Aplt. Br. at 6. But even if his two crimes were similar, the prohibition against double jeopardy in the multiple-punishment context is limited to forbidding a greater punishment than the legislature intended. *See Brown v. Ohio*, 432 U.S. 161, 165 (1977). The OCCA concluded that Mr. Jackson's two convictions were for "separate and distinct" crimes because the cocaine and marijuana were "found in different

-5-

packages within the car." *Jackson v. Oklahoma*, No. F-2003-1313, Summ. Op. at

2 n.2 (Okla. Crim. App. Feb. 2005). "In a habeas corpus proceeding under

section 2254, a federal court should defer to a state court's interpretation of state

law in determining whether an incident constitutes one or more than one offense

for double jeopardy purposes." *Mansfield v. Champion*, 992 F.2d 1098, 1100

(10th Cir. 1993). Accordingly, the district court's denial of relief on this ground

was correct.

Mr. Jackson contends that his trial and appellate counsel deprived him of

the Sixth Amendment right to effective assistance of counsel "through conflict of

interest and or divided loyalties." Aplt. Br. at 17 (full capitalization omitted). He

states that:

> trial counsel was ineffective in that counsel induced his waiver of a
> jury trial because of Mr. Jackson's financial inability to sustain the
> costs had the case proceeded to jury trial; counsel's false promise of
> a lesser sentence; counsel's refusal to allow Mr. Jackson to testify on
> his own behalf; counsel's failure to advise Mr. Jackson on issues
> concerning strategy and allowing Mr. Jackson to stipulate to an
> illegal sentence.

*Id*. at 18. As for appellate counsel's performance, he contends that counsel

"failed to advocate Mr. Jackson's cause; failed to consult with him concerning

important decisions; failed to inform him of developments in the case, and failed

to make reasonable investigations" and that appellate counsel failed "to move for

an evidentiary hearing in state court to develop facts not contained in the record."

*Id*. at 21.

To obtain relief on his ineffective-assistance-of-counsel claims, Mr. Jackson must show both that his "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. The review of trial counsel's performance "must be highly deferential" and the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted).

In its denial of postconviction relief the OCCA stated that Mr. Jackson "ha[d] not established trial or appellate counsel's performance was deficient or that the result of his appeal was not reliable and fair." R. Doc. 17, Ex. 6 at 2. The district court adopted the magistrate judge's recommendation that relief should be denied on the ground that "[Mr. Jackson] failed to allege sufficient facts to support his claim that trial counsel's performance was so defective and prejudicial it deprived him of the right to the effective assistance of counsel because he has not explained the facts relevant to the deficiencies alleged," R. Doc. 21 at 18, and that "[he] ha[d] failed to show prejudice stemming from appellate counsel's failure to seek expansion of the record on appeal," *id.* at 19.

With respect to all but two of Mr. Jackson's ineffectiveness claims, we believe that no reasonable jurist could dispute the district court's ruling. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) ("'[N]aked allegations' [of ineffective assistance of counsel] are not cognizable under § 2254."). Two claims, however—his allegations that counsel pressured him to waive a jury trial and not to testify at trial—require further discussion.

To evaluate those claims, it is important to understand the nature of Mr. Jackson's "trial." First, Mr. Jackson and his codefendant waived their rights to a jury trial. Then the bench trial proceeded under the following stipulation of the State, Mr. Jackson, and his codefendant:

> It is hereby stipulated and agreed by and between the parties hereto, the State of Oklahoma, Plaintiff, and Roberto Antonio Jackson and Fredrich Scott, Defendants, that in Texas County, State of Oklahoma, on the 17th day of January, 2003, said Defendants were operating a vehicle in which arresting officers found approximately 97 grams of cocaine base, a controlled dangerous substance as defined in Schedule II of the Uniform Controlled Dangerous Substances Act, and approximately 109 grams of marijuana, a controlled dangerous substance as defined in Schedule I of the Uniform Controlled Dangerous Substances Act.
>
> And further, that the arresting officers would testify that the foregoing amounts were in excess of the amount that would be consistent with personal use; and that each Defendant has been formerly convicted of a prior felony offense as charged in the Fourth Amended Information filed herein; and that such convictions are final.
>
> It is further agreed that this stipulation is entered into by the parties in contemplation of its use by the District Court in determining the guilt of the Defendants of the offenses as set out in the Fourth Amended Informations filed herein, charging the crimes against each Defendant of unlawful possession of controlled

> dangerous substances, with intent to distribute, after former conviction of a felony.
>
> It is further agreed that the recommended punishment by the State of Oklahoma, if said Defendants are found guilty of the offenses charged in the Fourth Amended Informations, will be a sentence of 30 years' imprisonment on each count, with Count 2 to be served concurrently with Count 1.
>
> The Defendants are to receive credit against such sentences for each day spent in the Texas County Detention Center awaiting trial.
>
> It is further agreed by the parties hereto that the District Court may consider all testimony it has received in the hearings on the motions to suppress evidence held before it and consider all testimony and other evidence presented at the preliminary hearing held in the case on March 19, 2003, as reflected in the transcripts thereof in arriving at a decision as to the guilt of said Defendants, Fredrich Norman Scott and Roberto Antonio Jackson.

R. Doc. 17, Ex. 8 at 19–21 (internal quotation marks omitted). Clearly, the stipulation did not contemplate any testimony by Mr. Jackson. Accordingly, the only question is whether Mr. Jackson's decisions to waive his right to a jury trial and enter into the stipulation were the product of ineffective assistance of counsel. The record before the OCCA showed that the trial judge had questioned Mr. Jackson and determined that his waiver and stipulation were free and voluntary. Mr. Jackson has offered no evidence to the contrary. Therefore, no reasonable jurist, in light of the deference required by AEDPA, could find the district court's denial of Mr. Jackson's ineffective-assistance-of-counsel claims debatable.

Mr. Jackson also challenges his sentence on the ground that "the sentence imposed was so disproportionate and excessive under the circumstances of this

case that it should shock the cons[cience] of the court." Aplt. Br. at 13 (full capitalization omitted). On direct appeal the OCCA held that Mr. Jackson's sentences "were not excessive." R. Doc. 17, Ex. 3 at 2. That ruling was not an unreasonable application of clearly established federal law as established by the Supreme Court. In *United States v. Angelos*, 433 F.3d 738, 750 (10th Cir. 2006), we observed:

> "The Eighth Amendment . . . contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" *Ewing v. California*, 538 U.S. 11, 20 (2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 996–97 (1991). Under this narrow proportionality principle, the Eighth Amendment "does not require strict proportionality between crime and sentence." *Id.* at 23. "Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* (quoting *Harmelin*, 501 U.S. at 1001 (Kennedy, J., concurring in part and concurring in the judgment)).

"[T]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Lockyer v. Andrade*, 538 U.S. 68, 76 (2003). Mr. Jackson's two concurrent 30-year sentences do not present an "extraordinary case." No reasonable jurist could debate that the OCCA's affirmance of his sentence was contrary to or an unreasonable application of clearly established federal law.

Finally, Mr. Jackson claims that he is "actually innocent of the two (2) thirty (30) year sentences he received in the Oklahoma state court." Aplt. Br. at 22 (full capitalization omitted). But he does not claim that he did not commit the

charged acts. Rather, as we understand his rather obscure brief (viewed in light of the statement of his actual-innocence claim in his state application for postconviction relief), the claim is based on the following two contentions: (1) that under Oklahoma law the marijuana charge should have been for only a misdemeanor, and (2) that the trial court erred in overruling his motion to suppress. Federal habeas relief is not available, however, for alleged violations of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). And for the reasons explained above, Mr. Jackson was not entitled to habeas relief based on the suppression ruling. Thus, reasonable jurists could not find debatable the district court's denial of relief on his "actual innocence" claim.

## III. CONCLUSION

We DENY Mr. Jackson's application for a COA and DISMISS this appeal. We GRANT his motion to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge