FILED
United States Court of Appeals
Tenth Circuit

October 26, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERTO ANTONIO JACKSON,

   Petitioner – Appellant.

v.

MIKE MULLIN,

   Respondent – Appellee.

No. 11-6098 & 11-6133
(D.C. No. 5:11-CV-00009-D)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**

---

Before **BRISCOE**, Chief Judge, **KELLY**, and **MATHESON**, Circuit Judges.

---

Roberto Antonio Jackson, a state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's dismissal of his

unauthorized second or successive 28 U.S.C. § 2254 petition for lack of

jurisdiction. We deny COA and dismiss the matter.

In 2003, Mr. Jackson was convicted in Oklahoma state court on one count

of possession with intent to distribute marijuana and one count of possession with

intent to distribute cocaine. He was sentenced to thirty years' imprisonment on

---

[*]  This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

each count, the terms to be served concurrently. On direct appeal the Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions and sentences. Mr. Jackson pursued state post-conviction relief, but the OCCA affirmed the trial court's denial of relief.

In 2007, Mr. Jackson filed his first § 2254 petition for habeas relief challenging his state court convictions and sentences. The district court denied relief and this court denied Mr. Jackson's request for a COA. *See Jackson v. Ray*, 292 F. App'x 737, 739 (10th Cir. 2008).

In January 2011, Mr. Jackson filed a second § 2254 petition challenging his state court convictions. A prisoner may not file a second or successive § 2254 petition unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A). "A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the circuit] court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Because Mr. Jackson failed to first obtain circuit-court authorization to file his second § 2254 petition, the district court dismissed it for lack of jurisdiction.

Mr. Jackson now seeks a COA to appeal the dismissal of his second § 2254 petition. He complains that the district court should have transferred his petition to this court instead of dismissing it for lack of jurisdiction. In order to receive a COA, Mr. Jackson must show "that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When presented with an unauthorized second or successive claim, "the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C. ] § 1631, or it may dismiss the . . . petition for lack of jurisdiction." *Cline*, 531 F.3d at 1252. Here, the district court determined it would not be in the interest of justice to transfer Mr. Jackson's successive § 2254 petition. Because Mr. Jackson filed an unauthorized second or successive § 2254 petition and his new claims are not likely to meet the authorization requirements in § 2244(b)(2) for filing a successive petition, reasonable jurists could not debate that the district court was correct in its procedural ruling to dismiss the successive § 2254 petition for lack of jurisdiction instead of transferring it to this court. Accordingly, we DENY COA in case no. 11-6098 and DISMISS the matter.

We also DENY Mr. Jackson's motion to proceed on appeal in forma pauperis (IFP) because he has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Mr. Jackson complains that the district court should have transferred his unauthorized second or successive petition instead of dismissing it, but he acknowledges in his COA

application that "the district court can either dismiss or transfer [the] petition to the federal court of appeals." COA app. at 5. He has presented no authority to support a conclusion that the district court abused its discretion in dismissing his unauthorized successive § 2254 petition. Moreover, Mr. Jackson failed to show any prejudice by the district court's decision to choose dismissal over transfer because he remains free to seek authorization from this court. His COA application is therefore frivolous and does not entitle him to proceed IFP on appeal.

Mr. Jackson also filed a request for a COA from the district court's denial of his motion to proceed IFP on appeal. This is not the proper procedure to seek reconsideration of the district court's IFP decision. The proper procedure is to file a motion for IFP in this court, which he did. As noted above, we have independently reviewed the IFP motion and denied it. Accordingly, we DISMISS the appeal in case no. 11-6133.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

-4-