**Theodore RUARK, Petitioner–Appellant,**

**v.**

**Frank GUNTER, Gale A. Norton, Attorney General, of the State of Colorado, Respondents–Appellees.**

No. 91–1315.

United States Court of Appeals, Tenth Circuit.

March 6, 1992.

Theodore Ruark, pro se.

Gale A. Norton, Atty. Gen. and Laurie A. Booras, Asst. Atty. Gen., Denver, Colo., for respondents-appellees.

Before SEYMOUR, ANDERSON and BALDOCK, Circuit Judges.*

PER CURIAM.

Petitioner-appellant Theodore Ruark appeals from the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. In 1963, Petitioner was convicted in a Colorado state court of escape, aggravated robbery and assault with a deadly weapon. The Colorado Supreme Court affirmed the escape conviction on appeal but reversed the aggravated robbery and assault convictions. *See Ruark v. People,* 158 Colo. 287, 406 P.2d 91 (1965). Petitioner is still serving time for the escape conviction as well as numerous other offenses for which sentences were imposed to run consecutively. He now claims that he received ineffective assistance of counsel at the 1963 trial, but that he cannot adequately fashion a § 2254 petition because the state has denied him access to a trial transcript. The district court dismissed the federal habeas petition, holding that defendant had not stated a constitutional claim. We affirm.

On direct appeal, a trial transcript is an absolute matter of right for an indigent criminal defendant. *See Griffin v. Illi-*

nois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). However, a § 2255 petitioner seeking collateral relief must demonstrate that his claim is not frivolous before the court is required to provide him with a free transcript. *See United States v. MacCollom,* 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) (Plurality) (interpreting 28 U.S.C. § 753(f)). Although the *MacCollom* Court dealt with a § 2255 federal petition, we think its reasoning is applicable to Petitioner's § 2254 action as well. *See United States v. Delaware,* 427 F.Supp. 72 (D.Del. 1976) (interpreting 28 U.S.C. § 2250). The *MacCollom* Court expressly cited circuit court opinions which held that indigent petitioners seeking collateral relief did not have unlimited access to trial transcripts. 426 U.S. at 327 n. 5, 96 S.Ct. at 2092 n. 5. In one of those cases, *Hines v. Barker,* 422 F.2d 1002 (10th Cir.1970), we held that an indigent § 2254 petitioner does not have a constitutional right to access a free transcript in order to search for error. *Id.* at 1006–07 (distinguishing *Wade v. Wilson,* 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970), in which Supreme Court expressly declined to define the parameters of a § 2254 petitioner's right to a free transcript).

Petitioner has not colored his ineffective assistance claims with any factual allegations. He merely states that his counsel was ineffective and that he needs a transcript to prove it. Such "naked allegations" are not cognizable under § 2254, and we are not compelled to allow Petitioner to conduct a search for error. *See MacCollom,* 426 U.S. at 326–27, 96 S.Ct. at 2092.

AFFIRMED.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.