5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kevin CHILLIS, Petitioner-Appellant,
v.
Frank GUNTER and Gale A. Norton, Attorney General,
Respondents-Appellees.
 No. 93-1111.
 United States Court of Appeals, Tenth Circuit.
 Aug. 24, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered sub-mitted without oral argument. We grant petitioner's application for a certificate of probable cause.
 
 
 2
 Petitioner Kevin Eric Chillis appeals the denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2254. He alleges that the state trial court erroneously denied his motion for a mistrial following testimony about his post-arrest silence and that his sentence was improperly enhanced with a prior conviction based upon an involuntary guilty plea. Because only federal constitutional errors can be the basis for federal habeas relief from a state conviction, we consider only such issues on appeal.[2]
 
 
 3
 Following a jury trial, petitioner was convicted of aggravated robbery, aggravated motor vehicle theft, theft, attempted aggravated robbery, assault, and three counts of use of a deadly weapon. He asserted the affirmative defense of intoxication. Petitioner's convictions were affirmed by the Colorado Court of Appeals. State v. Chillis, No. 90 CA 0346 (Colo.App.1992) (unpublished), and the Colorado Supreme Court denied his petition for a writ of certiorari. State v. Chillis, No. 90 SC 307 (Colo.1992) (unpublished).
 
 
 4
 Petitioner argues first that a government witness improperly commented on his silence in violation of his due process rights. We have reviewed the record on appeal, including the trial transcript, and disagree. The government elicited testimony from several witnesses concerning petitioner's demeanor shortly after the crimes. The testimony to which petitioner objects is descriptive information about his conduct, intended to contradict the intoxication defense. The challenged testimony reads as follows:
 
 
 5
 Q: Was there anything in the way he walked or talked or anything of that sort that--
 
 
 6
 A: [Officer Derek Graham] No, there was not. I noted the alcohol on his breath. He made no statements, none whatsoever, just total stony silent the whole time, didn't give any information at all so--
 
 
 7
 Q: That would make you think he was intoxicated?
 
 
 8
 Tr. 328. The question was not inherently improper, and it is apparent from reading this testimony in context that Officer Graham was relating his observations. The officer was evidently unable to evaluate petitioner's speech in assessing sobriety, because he was nonverbal. Immediately after this testimony, the jury was excused and defense counsel unsuccessfully moved for a mistrial. The transcript contains no other references to petitioner's silence. The defense declined opportunities for curative jury instructions.
 
 
 9
 Although prosecutors should avoid references to a defendant's silence by carefully-phrased questions, petitioner's due process rights were not compromised by inquiry into his demeanor. Petitioner's silence was not used to impeach his trial testimony in the manner found improper in Wainwright v. Greenfield, 474 U.S. 284 (1986), because the offending testimony was Officer Graham's observation about petitioner's demeanor and did not focus on petitioner's silence. Silence was not offered as substantive evidence of guilt. People v. Quintana, 665 P.2d 605 (Colo.1983); see also United States v. Lane, 883 F.2d 1484, 1493-95 (10th Cir.1989), cert. denied, 493 U.S. 1059 (1990). After reviewing the record as a whole, we conclude that the brief, isolated reference to petitioner's silence did not render his trial fundamentally unfair.
 
 
 10
 We also agree with the magistrate judge below that if error occurred it was harmless. The transcript reveals substantial evidence of guilt and very little evidence to support the intoxication defense. Greer v. Miller, 483 U.S. 756, 765-66 (1987).
 
 
 11
 Petitioner also alleges that his sentence was improperly enhanced by an earlier conviction. Specifically, he asserts that the earlier guilty plea was involuntary because he was not adequately informed of the elements of the crime to which he pleaded guilty, and the state court did not inform him of possible defenses (including intoxication). We have read the transcript of petitioner's plea hearing and agree with the analysis of the magistrate judge that petitioner was properly advised of the elements of the offense when he pleaded guilty. Likewise, the magistrate judge correctly analyzed the law in determining petitioner was not entitled to an explanation of all possible defenses to the charges against him.
 
 
 12
 We AFFIRM the denial of relief as to this issue for substantially the reasons stated in the recommendation of the magistrate judge filed February 18, 1993 and adopted by the district court.
 
 
 13
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 We deny petitioner's request for an order requiring the record custodian at the Limon Correctional Facility to allow him to examine the trial record. A person collaterally attacking a criminal conviction or sentence is not entitled as of right to a transcript to search for plain error. Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir.1992). His allegations are insufficient to show a nonfrivolous claim for which he needs access to a transcript. See United States v. MacCollom, 426 U.S. 317, 321, 326 (1976)