**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 12 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

GERALD DANIELS,

        Petitioner-Appellant,

v.

STEVE HARGETT, and ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

        Respondents-Appellees.

Nos. 95-6453
96-6037
(D.C. No. CIV-92-1663-R)
(W.D. Okla.)

ORDER AND JUDGMENT*

Before PORFILIO, ANDERSON, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Gerald Daniels appeals from orders of the district court entered in his petition seeking habeas relief filed pursuant to 28 U.S.C. § 2254. In No. 95-6453, Daniels appeals the district court's final judgment denying relief. In No. 96-6037, Daniels appeals the district court's denial of his motion to vacate the district court's judgment due to alleged fraud on the court committed by respondents. We affirm.

No. 95-6453

In 1990, Daniels was convicted by a state court jury of first degree felony murder and was sentenced to life imprisonment. He originally filed this habeas action claiming state appellate delay and seeking excuse of the exhaustion requirement under Harris v. Champion, 938 F.2d 1062 (10th Cir. 1991). While this issue was pending, the Oklahoma Court of Criminal Appeals issued a summary opinion denying relief.

Daniels then amended his petition to include the following issues which he had raised on his direct appeal: (1) the trial court erred by allowing testimony of other offenses and evidence of gang drug operations; (2) the properly introduced evidence was insufficient to establish the underlying felony of kidnaping; and (3) the trial court committed reversible error in submitting the crime of first degree murder to the jury. He also claimed that the Oklahoma Court of Criminal Appeals' summary dismissal of his appeal was a denial of his First Amendment

-2-

right to be heard. The district court dismissed Daniels' petition holding that his claims were factually and legally groundless.

On appeal, Daniels argues admission at trial of other crimes he had committed was improper as was admission of evidence of his reputation. He also contends the elements of kidnaping could not be found beyond a reasonable doubt, he should have been provided with a copy of the trial transcript, and counsel should have been appointed.

In reviewing the district court's ruling on a § 2254 petition, we accept the district court's factual findings unless they are clearly erroneous, and we review the court's legal conclusions de novo. See Hill v. Reynolds, 942 F.2d 1494, 1495 (10th Cir. 1991). We construe a pro se litigant's pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Daniels argues the trial court erred in admitting evidence of other crimes he had committed and evidence of his reputation. To be eligible for federal habeas relief, a petitioner must prove the state trial court's evidentiary ruling resulted in a "trial so fundamentally unfair as to constitute a denial of federal constitutional rights." Hopkinson v. Shillinger, 866 F.2d 1185, 1197 (10th Cir. 1989) (quotation omitted). Daniels has not satisfied that burden here.

Daniels also contends the elements of kidnaping were not sufficiently established. "Evidence is sufficient to support a criminal conviction if a

reasonable jury could find the defendant guilty beyond a reasonable doubt, given the direct and circumstantial evidence, along with reasonable inferences therefrom, taken in a light most favorable to the government." United States v. Mains, 33 F.3d 1222, 1227 (10th Cir. 1994). In reviewing the trial court's determination that sufficient evidence supported conviction, we do not weigh any conflicting evidence nor do we consider the credibility of the witnesses. See United States v. Pappert, 104 F.3d 1559, 1566 (10th Cir. 1997).

In Oklahoma, a kidnaping occurs when a person, "without lawful authority, forcibly seizes and confines another . . . against his will." Okla. Stat. tit. 21, § 741. The evidence presented at trial showed that the night of the incident, the kidnaping victim started "acting crazy" as he was smoking cocaine. Daniels helped to tie the victim up and directed the others at the house to take the victim away because he did not want the police to be alerted to the existence of the "rock" house due to the noise the victim was making. Viewing the evidence in the light most favorable to the government and not weighing the credibility of the witnesses, a reasonable jury clearly could have found Daniels guilty of kidnaping beyond a reasonable doubt.

Daniels contends he should have been provided with a copy of the trial transcript because the district court's rendition of the facts did not comport with his memory of the testimony at trial. As "an indigent § 2254 petitioner does not

have a constitutional right to access a free transcript in order to search for error," Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992), the district court did not err in failing to provide Daniels with a copy of the trial transcript.

Finally, Daniels asserts counsel should have been appointed to represent him in district court. A habeas petitioner has no right to counsel in that collateral proceeding. See Clark v. Tansy, 13 F.3d 1407, 1410 (10th Cir. 1993). Therefore, the district court did not err in not appointing counsel for Daniels.

No. 96-6037

After the district court entered judgment denying habeas relief, Daniels filed a motion pursuant to Fed. R. Civ. P. 60(b)(3) to vacate the district court's judgment due to alleged fraud on the court committed by respondents. Daniels alleged fraud occurred because respondents indicated they had sent him the trial transcript, but he never received it. The government responded that it had not sent the transcript to Daniels.

We review the district court's denial of Rule 60(b) relief for abuse of discretion. See Massengale v. Oklahoma Bd. of Examiners in Optometry, 30 F.3d 1325, 1330 (10th Cir. 1994). "Rule 60(b) relief is only appropriate under extraordinary circumstances." Id. While Rule 60(b)(3) provides that a district court may vacate a judgment for "fraud . . . misrepresentation, or other misconduct of an adverse party," the movant must prove the adverse party

committed the fraud, misrepresentation, or misconduct by clear and convincing evidence. See Anderson v. Department of Health & Human Servs., 907 F.2d 936, 952 (10th Cir. 1990). Further, the movant can only establish fraud by showing the defrauding party acted with "an intent to deceive or defraud the court," by means of a "deliberately planned and carefully executed scheme." Robinson v. Audi Aktiengesellschaft, 56 F.3d 1259, 1267 (10th Cir. 1995) (quotation omitted), cert. denied, 116 S. Ct. 705 (1996).

Daniels claims he did not receive a copy of the transcript despite respondents' assertion that he had and that the district court's citation of the transcript does not correspond with his memory of events at trial. He showed no evidence of a deliberate scheme to defraud the court. Indeed, the transcript submitted to the court was certified as being true and complete. Further, whether or not Daniels received a copy of the transcript does not have any bearing on whether any fraud was committed on the court. The district court did not abuse its discretion in denying Daniels' motion.

The judgments of the district court are AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge