**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANTHONY GEORGE SWEEZY,

      Petitioner-Appellant,

v.

RON WARD, Warden,

      Respondent-Appellee.

No. 99-6131
(D.C. No. CIV-97-2029-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

---

Petitioner-Appellant Anthony George Sweezey ("Sweezey") was convicted

by a jury in Oklahoma state court of murder in the first degree, for which he was

sentenced to life imprisonment, and assault and battery with a dangerous weapon,

for which he was sentenced to 30 days' imprisonment and a $100 fine. Sweezey

filed a pro se petition under 28 U.S.C. §2254 on December 22, 1997. On

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

November 20, 1998, the district court issued an order adopting the Magistrate Judge's Report and Recommendation denying Sweezey's habeas petition. In the same order, the court denied a certificate of appealability.

Sweezey subsequently filed an application for a certificate of appealability with this court. Sweezey's application for a certificate of appealability, viewed liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), asserts the same four errors considered and rejected by the district court. Sweezey claims: (1) that he is entitled to the transcripts and records of his trial to search for possible additional grounds for relief in his habeas petition, and that Oklahoma's practice of denying transcripts to indigent prisoners seeking habeas relief is unconstitutional; (2) the evidence was insufficient to support the conviction for first degree murder; (3) the "flight" instruction to the jury was unfairly prejudicial and fundamentally defective; and (4) prosecutorial misconduct deprived him of a fair trial.

Initially, we must determine whether this court has jurisdiction over this appeal. On November 20, 1998, the district court entered an order denying Sweezey's habeas petition. Under Fed. R. App. P. 4(a)(1), Sweezey had thirty days in which to file his notice of appeal. Thus, Sweezey had until December 21, 1998 to file. According to the proof of service on Sweezey's notice of appeal, Sweezey placed his notice of appeal in the prison's mail box on December 18,

1998, well within the thirty day filing deadline. However, the notice was not filed by the district court until February 17, 1999. In <u>United States v. Gray</u>, 182 F.3d 762 (10th Cir. 1999), this court held that when a prison does not have a legal mail system that provides a log or other record of a prisoner's outgoing legal mail, a prisoner can receive the benefit of the mailbox rule. <u>Id.</u> at 766. Under the mailbox rule, a notice of appeal is deemed to be filed when the prisoner delivers the legal mail to prison authorities for forwarding to the court clerk. <u>Id.</u> at 765. The record in this case reveals that the Great Plains Correctional Center in Hinton, Oklahoma, where Sweezey was imprisoned, does not maintain records of outgoing legal mail. Therefore, Sweezey is entitled to the benefit of the mailbox rule. Because the only evidence of the date Sweezey gave his motion to prison authorities for mailing is his proof of service, which states that the motion was filed on December 18, 1998, Sweezey's motion was timely. Therefore, we have jurisdiction.

Sweezey argues in his first issue that he was unconstitutionally denied a trial transcript to aid in his § 2254 habeas petition. Although an indigent criminal defendant has an absolute right to a transcript on direct appeal, see <u>Ruark v. Gunter</u>, 958 F.2d 318, 319 (10th Cir. 1992), there is no constitutional right to a free transcript on habeas for the purpose of searching for error. <u>Id.</u> Sweezey has not demonstrated a need for the transcripts in relation to the other three issues he

raises on appeal. Instead, he merely asserts that he needs the transcript to search for other possible claims. "Such 'naked allegations' are not cognizable under § 2254, and we are not compelled to allow [Sweezey] to conduct a search for error." Id.

In regard to Sweezey's final three claims, we have determined after careful review of the record and pleadings in this case, that Sweezey has failed to make a "substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Accordingly, for substantially the same reasons given in the Magistrate Judge's Report and Recommendation, we DENY Sweezey's application for a certificate of appealability.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge