Jack L. HAYS, Plaintiff–Appellant,

v.

Jo Ann NEWSOM, Clerk of the Court of Caldwell County; G.L. Ovey, Commonwealth Attorney of Caldwell County; Mike Lawrence, Clerk of the Court of McCracken County; Tim Kaltenbach, Commonwealth Attorney of McCracken County; Ron Daniels, Judge of McCracken Circuit Court; Linda G. Mason, Clerk of the Court of Oldham County; William P. Croley, Commonwealth Attorney of Oldham County; Dennis A. Fritz, Judge of Oldham Circuit Court; Albert B. Chandler, III, Attorney General of State of Kentucky; Paul E. Patton, Governor of Kentucky, Defendants–Appellees.

No. 00–5752.

United States Court of Appeals, Sixth Circuit.

Jan. 26, 2001.

Before BOGGS and MOORE, Circuit Judges; COHN, District Judge.*

Jack Hays appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Hays sued several state court clerks, several Commonwealth Attorneys, two state court judges, the state Attorney General, and the Kentucky Governor, alleging that the defendants violated his constitutional rights by not providing him with transcripts of grand jury proceedings from Hays's state court convictions. The district court concluded that Hays had failed to state a claim and dismissed the case. Hays has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Hays's complaint for failure to state a claim. This court reviews de novo a district court's dismissal of a case for failure to state a claim. *See Turker v. Ohio Dep't of Rehab., and Corr.*, 157 F.3d 453, 456 (6th Cir.1998).

■ Hays has failed to state a claim. From 1977 through 1983, Hays was convicted of several state felonies. A number of years later, Hays requested that the state court clerks provide him with transcripts of the grand jury proceedings underlying these convictions. Hays wanted the transcripts to prepare for post-conviction proceedings. However, he was informed that these materials were no longer available. Hays then sued the defendants, claiming that the unavailability of the transcripts violated his constitutional rights.

■ Hays's argument is without merit. He has no constitutional right to a transcript to prepare for a post-conviction proceeding. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir.1992); *see also United States v. MacCollom*, 426 U.S. 317, 325–26, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) (plurality) (upholding constitutional-

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

ity of statute limiting availability of free transcripts in federal habeas corpus actions). Further, no constitutional violation occurs when a transcript does not exist and, consequently, it is unavailable to both sides. *See Norvell v. Illinois,* 373 U.S. 420, 424, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963); *Bransford v. Brown,* 806 F.2d 83, 85 (6th Cir.1986).

Accordingly, this court affirms the district court's judgment. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.