**Richard L. RICKARD, Plaintiff–Appellant,**

v.

**William T. BURTON, Circuit Court Clerk of Henderson County, Kentucky; William Markwell, Commonwealth Attorney of Henderson County, Kentucky; Albert B. Chandler, III; Paul E. Patton, Governor of the State of Kentucky, Defendants–Appellees.**

No. 00–5871.

United States Court of Appeals, Sixth Circuit.

Jan. 29, 2001.

Before BOGGS and MOORE, Circuit Judges; COHN, District Judge.*

Richard Rickard, a pro se Kentucky prisoner, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Requesting monetary and injunctive relief, Rickard sued a state court clerk, a Commonwealth's Attorney, the state At-

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

torney General, and the Kentucky Governor in their official capacities, alleging that the defendants violated his constitutional rights by not providing him with a transcript of grand jury proceedings from a 1984 conviction. The district court concluded that Rickard had failed to state a claim and dismissed the case. Rickard has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Rickard's complaint for failure to state a claim. This court reviews de novo a district court's dismissal of a case for failure to state a claim. *See Turker v. Ohio Dep't of Rehab. and Corr.*, 157 F.3d 453, 456 (6th Cir.1998). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *See id.*

■ Rickard has failed to state a claim. In 1984, Rickard was convicted of first-degree assault and of being a first-degree persistent felony offender and sentenced to life imprisonment. Over ten years later, Rickard requested that the state court clerk provide him with a transcript of the grand jury proceedings underlying his convictions. Rickard wanted the transcript to prepare for post-conviction proceedings. However, he was informed that the court reporter had died and these materials were no longer available. Rickard then sued the defendants, claiming that the unavailability of the transcript violated his constitutional rights.

■ Rickard's argument is without merit. He has no constitutional right to a transcript to prepare for a post-conviction proceeding. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir.1992); *see also United States v. MacCollom*, 426 U.S. 317, 325–26, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) (plurality) (upholding constitutional-

ity of statute limiting availability of free transcripts in federal habeas corpus actions). Further, no constitutional violation occurs when a transcript does not exist due to the death of the court reporter and, consequently, the transcript is unavailable to both sides. *See Norvell v. Illinois*, 373 U.S. 420, 424, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963); *Bransford v. Brown*, 806 F.2d 83, 85 (6th Cir.1986).

Accordingly, this court affirms the district court's judgment. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.