Ronnie L. HUDSON, Plaintiff–Appellant,

v.

James C. CAMPBELL, Clerk, Lyon County Circuit Court, et al., Defendants–Appellees.

No. 00–5791.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2001.

Before NORRIS, SILER, and BRIGHT,* Circuit Judges.

---

### ORDER

Ronnie L. Hudson appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Hudson filed his complaint in the district court alleging that defendants violated his constitutional rights by not providing him with minutes of state grand jury proceedings. Plaintiff named as defendants six state court clerks, five Commonwealth Attorneys, the state Attorney General, and the Kentucky Governor, all in their official capacities. Plaintiff sought injunctive relief and money damages. The district court concluded that plaintiff failed to state a claim upon which relief can be granted and dismissed the case. Plaintiff filed a timely notice of appeal. On appeal, plaintiff has paid the appellate filing fee and essentially reiterates his contention that he has been refused documents pertaining to grand jury proceedings.

Upon de novo review, *see White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997), the judgment is affirmed essentially for the reasons stated by the district court in its memorandum opinion entered May 18, 2000. Plaintiff simply enjoys no federal constitutional right to grand jury materials to prepare for a post-conviction proceeding. *See Ruark v. Gunter,* 958 F.2d 318, 319 (10th Cir.1992); *see also United States v. Mac-Collom,* 426 U.S. 317, 325–26, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) (plurality) (upholding constitutionality of statute limiting availability of free transcripts in federal habeas corpus actions). Further, no constitutional violation occurs when materials do not exist due to circumstances that render the materials unavailable to both sides. *See Norvell v. Illinois,* 373 U.S. 420, 424, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963); *Bransford v. Brown,* 806 F.2d 83, 85 (6th Cir.1986). Therefore, plaintiff cannot state a claim upon which relief can be granted under 42 U.S.C. § 1983.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.