FILED
United States Court of Appeals
Tenth Circuit

November 10, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BENJAMINE MICHAEL
THOMPSON,

      Petitioner-Appellant,

v.

GREG WILLIAMS, Warden,

      Respondent-Appellee.

No. 10-6195
(D.C. No. 5:09-CV-00878-M)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY, GORSUCH,** and **HOLMES,** Circuit Judges.


      An Oklahoma jury convicted Benjamine Michael Thompson of distributing

a controlled dangerous substance and conspiracy to distribute the same, resulting

in two consecutive 100 year prison sentences. The Oklahoma Court of Criminal

Appeals upheld Mr. Thompson's conviction and sentence and, later, affirmed the

trial court's denial of collateral relief. Mr. Thompson then filed a petition for

relief under 28 U.S.C. § 2254, which the district court denied, a result which he

now seeks to appeal.

---

     [*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before he can appeal the denial of his § 2254 petition, however, Mr. Thompson must obtain a certificate of appealability ("COA") which we may grant only if he makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Mr. Thompson must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). Our inquiry does not require a "full consideration of the factual or legal bases adduced in support of the [applicant's] claims," but, rather, "an overview of the claims . . . and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Because Mr. Thompson is a *pro se* litigant, we construe his pleadings and other papers liberally.

Mr. Thompson presses a total of twenty-three claims in his application for a COA. The first twenty of these claims he presented to the district court; the three additional claims allege the district court erred by (1) denying an evidentiary hearing; (2) refusing to provide a transcript of his trial at government expense; and (3) denying his request for appointment of counsel.

As to the twenty claims previously considered by the district court, after our own independent review, we conclude no reasonable jurist could doubt the correctness of the district court's disposition. The magistrate judge carefully

considered each claim in turn and summarized his recommendations in a thirty-one page opinion adopted by the district court after consideration of Mr. Thompson's objections. For substantially the same reasons given by the magistrate judge and the district court, we deny Mr. Thompson's application for a COA to pursue those claims numbered one through twenty in his brief.

We likewise deny a COA for the three claims Mr. Thompson raises in relation to the district court proceedings. The first claim, based on the supposed denial of an evidentiary hearing, fails for the simple reason that Mr. Thompson did not request such a hearing from the district court, let alone demonstrate either of the required bases for a hearing. *See* 28 U.S.C. § 2254(e)(2). The second claim, based on the denial of a free transcript, fails because to obtain one Mr. Thompson must first "demonstrate that his [petition] is not frivolous," and this he has not done. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992). Finally, the third claim, based on denial of appointed counsel, fails because there is no constitutional right to the assistance of counsel in pursuing § 2254 relief, *see Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994), and the district court was well within its discretion to deny counsel in light of Mr. Thompson's failure to substantiate either his indigency or how the interests of justice would be served by counsel, *see Engberg v. Wyoming*, 265 F.3d 1109, 1121-22 (10th Cir. 2001) ("The decision to appoint counsel [in § 2254 proceedings] is left to the sound discretion of the district court.").

The application for a COA is denied and this appeal is dismissed.


ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge