**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

IVAN KILGORE,

      Plaintiff-Appellant,

v.

SEMINOLE COUNTY PUBLIC
OFFICIALS MIKE WEATHERLY;
TIMOTHY OLSON,

      Defendants-Appellees.

No. 12-7056
(D.C. No. 6:12-CV-00087-JHP-SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Ivan Kilgore filed this *pro se* suit under 42 U.S.C. § 1983 against a former

prosecutor and a court stenographer in Seminole County, Oklahoma.  He alleges

that the defendants refused to provide — at no charge to him — a full transcript

of his Oklahoma murder trial for use in his appeal of a separate murder conviction

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).  The case is therefore ordered submitted without oral argument.  This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in California and a related habeas petition.  This conduct, he says, violated the Equal Protection Clause of the Fourteenth Amendment.

In a four-page order, the district court dismissed Mr. Kilgore's complaint pursuant to 28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous."  28 U.S.C. § 1915(e)(2)(B)(i).  Mr. Kilgore appeals this decision and seeks permission to proceed *in forma pauperis* on appeal.  "We generally review a district court's dismissal for frivolousness under § 1915 for abuse of discretion.  However, where the frivolousness determination turns on an issue of law, we review the determination *de novo*."  *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (internal citations omitted).

After careful review of his pleadings and the district court's order, we discern no error.  To be sure, an indigent defendant is entitled to a free transcript of his trial when directly appealing the judgment from that trial.  *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (citing *Griffin v. Illinois*, 351 U.S. 12 (1956)).  But no such entitlement attaches in a collateral attack on the same judgment.  *Id.* (citing *United States v. MacCollom*, 426 U.S. 317 (1976)).  And Mr. Kilgore was not appealing or even collaterally attacking his Oklahoma conviction when he requested the transcript — he was contesting (directly and collaterally) a *separate* conviction in California, where his Oklahoma conviction was relevant only as

potential impeachment evidence. Mr. Kilgore cites, and we are aware of, no authority suggesting the federal Constitution is implicated by the failure to supply a free transcript in these circumstances.

We affirm the judgment of dismissal for frivolousness, deny Mr. Kilgore's motion to proceed *in forma pauperis*, and direct him to pay any remaining filing fees forthwith.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge