**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BOBBY JACK JENKINS,

Defendant - Appellant.

No. 14-8034
(D.C. No. 1:12-CR-00061-NDF-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.

Bobby Jack Jenkins, a federal prisoner proceeding pro se,[1] appeals from the

district court's order denying his motion for free transcripts and records. We dismiss

the appeal as frivolous.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     We construe Mr. Jenkins' pro se filings liberally. *See Garza v. Davis*,
596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

Mr. Jenkins was convicted of two counts of making interstate communications with the intent to injure in violation of 18 U.S.C. § 875(c) and sentenced to fifty-one months in prison. We affirmed. *See United States v. Jenkins*, 540 F. App'x 893, 895 (10th Cir. 2014). Less than two and a half months later, he asked the district court to provide him with free copies of the transcripts and record from his criminal proceedings. He indicated that he was appealing to the Supreme Court. The district court denied the motion, finding that he had received a free copy of the transcripts for his direct criminal appeal and that the transcripts and records were provided to and were available in this court. He appealed.

Mr. Jenkins makes only a bare assertion that he has a right to a free copy of his transcripts for Supreme Court proceedings. There is no indication that he actually has a petition for a writ of certiorari pending in the Supreme Court and the time for filing one has expired.

The balance of Mr. Jenkins' assertions are conclusory and incomprehensible references to false imprisonment, unreasonable searches and wiretaps without a warrant, violation of his civil rights, wrongful taking of his property by the government, wrongful eviction of his ill mother from low-income housing, the right to bear arms, Wyoming Workers Compensation, violation of his Eighth Amendment right to medical treatment, and his attending trial in jail clothing.[2] None of these

---

[2]     For relief, Mr. Jenkins requests that this court dismiss his case, grant him a new trial, award him $500 million in damages, file criminal charges against

(continued)

assertions even plausibly suggests that the district court erred in denying a free transcript. Many do not even concern his criminal conviction.

Mr. Jenkins cites to *Ruark v. Gunter*, 958 F.2d 318 (10th Cir. 1992) (per curiam), as authority for a transcript. *Ruark* addresses the right to a free transcript to pursue collateral relief. *Id*. at 319. To the extent Mr. Jenkins intends to seek 28 U.S.C. § 2255 relief, he fails to show that he would present a non-frivolous claim. *See Ruark*, 958 F.2d at 319; *see also* 28 U.S.C. § 753(f) (providing for free transcripts for § 2255 litigants proceeding in forma pauperis if court certifies that suit or appeal is not frivolous and that transcript is needed to decide issues presented).

Accordingly, we dismiss this appeal as legally frivolous. Also, we deny Mr. Jenkins' request for appointment of counsel.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

government officials, require the government to return his property, and give him back his gun rights.