**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 19, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

GREGORY D. CROSBY,
aka Gregory D. Cosby,

    Petitioner - Appellant,

v.

WARDEN ADX,

    Respondent - Appellee.

No. 25-1215
(D.C. No. 1:25-CV-00122-LTB-RTG)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

Gregory Crosby, a federal prisoner appearing pro se, appeals the district

court's dismissal without prejudice of his amended application for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 for failure to comply with pleading rules

applicable to habeas proceedings.  Exercising jurisdiction under 28 U.S.C. § 1291,

we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

Crosby is in the custody of the Bureau of Prisons ("BOP") and currently incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  He filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, naming the warden and the BOP as respondents.  He asserted one claim:  "Denial of F.S.A. [First Step Act of 2018] Time Credit per Exemption Clause 18 USC 3632(d)(4)."  R. at 5.  He alleged he had been "trying to get his [FSA] Time Credit[s] applied" through the "exemption clause" in § 3632(d)(4) for "a high recidivism inmate" and through BOP Program Statement 5410.01 ("PS 5410.01").  R. at 5–6.  Crosby alleged "the respondents are not applying their own policy," prison officials "failed to act" on requests he has submitted, and this violated "his due process rights."  R. at 6–7, 9.  He asserted the respondents had assessed him as having a high risk of recidivism since the FSA's passage, but they had made "no effort to explain why they continue to keep using past history to determine his eligible status" under § 3632(d)(4), and they were not applying either that statute or their own "Program Statement policy."  R. at 8–9.  He asked the court for an order that respondents "show cause" why they were not reviewing his request that his FSA time credits "be applied under . . . [§] 3632(d)(4).  R. at 9.

The assigned magistrate judge determined that the application failed to identify the federal claims Crosby was asserting or to allege supporting factual allegations with the specificity required by Rules 2(c)(1) and 2(c)(2) of the Rules

2

Governing Section 2254 Cases in the United States District Court ("Habeas Rules").[1] The magistrate judge observed that under the FSA, eligible inmates[2] may *earn* FSA time credits regardless of their recidivism risk. R. at 29 (citing 18 U.S.C. § 3624(g) and 28 C.F.R. § 523.42). But an eligible inmate seeking to have FSA time credits *applied* toward placement in prerelease custody[3] or transfer to early placement in supervised release must meet criteria set out in 18 U.S.C. § 3624(g) and 28 C.F.R. § 523.44(c)–(d). R. at 29–31. The magistrate judge found it clear that Crosby was challenging his inability to have his time credits applied to his sentence because of his admittedly high risk-of-recidivism score. R. at 31. But the magistrate judge was unable to determine what federal right the respondents allegedly had violated because Crosby's factual allegations were vague and unclear. R. at 31–32. To that end, the magistrate judge provided three examples of claims Crosby might have intended to assert in his application. *See* R. at 32–33.

Based on these shortcomings, the magistrate judge afforded Crosby an opportunity to file an amended application that provided a clear statement of his claims and the supporting facts. R. at 33. The magistrate judge also instructed

---

[1] The Habeas Rules may be applied to other types of habeas applications beyond those filed under 28 U.S.C. § 2254. See Habeas Rules, Rule 1(b).

[2] An inmate is ineligible to earn FSA time credits if he has been convicted of an offense listed in 18 U.S.C. § 3632(d)(4)(D). *See* § 3632(d)(4)(A). Crosby did not allege that his conviction renders him ineligible to earn FSA time credits.

[3] Prerelease custody means either "home confinement," § 3624(g)(2)(A), or placement "at a residential reentry center," § 3624(g)(2)(B).

Crosby that his amended application should name only the warden as the respondent. R. at 28.

Crosby filed an amended application, naming only the warden as the respondent and asserting one claim: "Exemption Clause[:] Denied FSA Time Credit Applied per 18 U.S.C. § 36[32[4]](d)(4)." R. at 38. Crosby stated that his due process rights were being violated "per [§] 3632(d)(4)," *id.*, but he was "not arguing nothing about going into prerelease," *id.* n.1. He alleged that "they have not submitted [his] requests" for the "exemption," R. at 39; that he has not "received the proper documentation as the policy requires," *id.*; that "the policy is not doing what it [is] suppose[d] to," *id.*; and that "respondent never gave [him] documentation that the proper documentation was submitted to (NCRO[5]) on the exemption clause." R. at 39–40. He explained that under "[§] 3632(d)(4) subsection (C)(2)," he is permitted to make "a request under (C)(2) by submitting a BA0148 Inmate Request To Staff during [his] regularly schedule[d] program review," and his "Unit Manager will submit a request along with the Unit Team recommendation to the warden or designee for final decision." R. at 40. Crosby alleged that he met "each one of [the]

---

[4] Crosby identified "§ 3624(d)(4)" as the relevant statute, R. at 38, but § 3624 has no section (d)(4), and the remainder of his allegations make clear he intended to identify § 3632(d)(4) instead.

[5] Although Crosby never identified what "NCRO" stands for, we assume it means the BOP's North Central Regional Office. According to the BOP's website, the NCRO is "[a]n administrative office providing oversight & support to facilities located in the North Central Region," which included the "Florence ADMAX USP," where Crosby is incarcerated. Federal Bureau of Prisons, North Central Regional Office, https://www.bop.gov/locations/regional_offices/ncro/ [https://perma.cc/J2S7-SGBC].

4

requirement[s]" of PS 5410.01.  R. at 40–41.  He said his claim was "simple"—
"review him for exemption per [§] 3632(d)(4) and the BOP policy."  R. at 41.

The magistrate judge issued a recommendation that the district court dismiss
the amended application without prejudice for failure to comply with the pleading
requirements of Habeas Rules 2(c)(1) and 2(c)(2).  R. at 48, 54.  The magistrate
judge liberally construed the amended application as possibly asserting that even
though Crosby "is a high recidivism risk level, he should have his FSA credits
applied to his sentence," but it was "unclear what [he] allege[d] that the Respondent
did (or did not do) that violated his federal rights."  R. at 51.  The magistrate judge
found unhelpful Crosby's references to a "subsection (C)(2) of § 3632(d)(4)" and to a
BA0148 request because §3632(d)(4)(C) has no "section (2)" and does not mention
BA0148.[6]  R. at 51–52.  The magistrate judge stated that "the only avenue for a high
recidivism inmate to have FSA time credits applied to his sentence is to get specific
approval by the warden."  R. at 52 (discussing § 3624(g)(1)(D)(i)–(ii)).  Thus, as best
the magistrate judge could "decipher," Crosby was "arguing that he should be able to
submit a petition to the warden so that his FSA time credits can be applied toward

---

[6] Subsection 3632(d)(4) has a clause (C), but clause (C) does not have any
subclauses.  Clause (C) provides:

> **Application of time credits toward prerelease custody or supervised
> release.**--Time credits earned under this paragraph by prisoners who
> successfully participate in recidivism reduction programs or productive
> activities shall be applied toward time in prerelease custody or supervised
> release.  The Director of the Bureau of Prisons shall transfer eligible
> prisoners, as determined under section 3624(g), into prerelease custody or
> supervised release.

placement in prerelease custody or supervised release." R. at 52–53. But because Crosby had specifically stated he was "not arguing nothing about prerelease," R. at 38 n.1, the magistrate judge found it was "unclear what his habeas claim [was] challenging," R. at 53. The magistrate judge also observed there was no indication Crosby had "successfully petitioned the Warden for approval of transfer to prerelease custody or supervised release" or met "the requirements for the Warden to approve any such petition." *Id.*

Crosby timely filed objections to the magistrate judge's recommendation and attached a copy of PS 5410.01. *See* R. at 58–87. Crosby stated that he requested review pursuant to PS 5410.01 in October 2023, May 2024, and November 2024, but his Unit Team did not provide him with documentation that his requests were submitted to "NCRO," R. at 59, which, he claimed, is "one of the Respondent[s] named in this action," R. at 62. He also stated he had completed "a NRDAP program" in January 2025. R. at 60. He claimed that the "respondents [have] continue[d] to violate[] his constitutional right per due process clause by not giving him the appropriate relief per [§] 3632(d)(4)(C)(2)." R. at 60. He further stated that "he is not asking for no transfer," R. at 61, or "to go into prerelease," R. at 62. Instead, he said he was "asking to be review[ed] per policy under the exemption clause [of] [§] 3632(d)(4) and [PS] 5410.01." R. at 62.

The district court determined that Crosby failed to comply with the pleading requirements of the Habeas Rules by "continu[ing] to provide vague and conclusory allegations that his due process rights were violated because he was not reviewed

properly for [FSA] time credits." R. at 90. Accordingly, the court overruled Crosby's objections, accepted and adopted the magistrate judge's recommendation, and dismissed the action without prejudice. R. at 91. Crosby appeals.

## II. DISCUSSION

We construe the district court's dismissal of Crosby's amended habeas application as a dismissal pursuant to Habeas Rule 4, which requires a district court to dismiss a habeas petition before ordering an answer "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4. Our review, therefore, is de novo. *See Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005) ("Because [the petitioner's] habeas claims were dismissed pursuant to . . . Rule 4, we review his claims de novo."). We afford Crosby's pro se filings a liberal construction, but we cannot act as his advocate, and he must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

On appeal, Crosby states that the district court "totally misconstrue[d]" his claims. Aplt. Br. at 3. He clarifies that in relying on "Section (C)(2)," he was referring to PS 5410.01, not any part of § 3632(d)(4). Aplt. Br. at 5. He says his amended § 2241 application showed "exactly what he was stating and what his claim was"—"if certain requirement[s] are me[t], a[n] exemption may be granted." *Id.*

These arguments do not convince us that the district court erred in dismissing the amended application based on a failure to adequately plead a cognizable habeas

claim. Habeas Rules (2)(c)(1) and 2(c)(2) require that a habeas "petition must[] (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." Habeas Rules 2(c)(1)–(2). These rules require a habeas petitioner to "*plead with particularity* . . . to assist the district court in determining whether the [respondent] should be ordered to 'show cause why the writ should not be granted.'" *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (emphasis added) (quoting 28 U.S.C. § 2243). "'[T]he petition is expected to state facts that point to the real possibility of constitutional error.'" *Id.* at 655 (quoting Habeas Rule 4, advisory committee notes to 1976 adoption).

As best we understand the amended application and Crosby's appellate argument, his reference to an "exemption" in a "Section (C)(2)" of PS 5410.01 involves subsection (c)(2) of 28 C.F.R. § 523.44, which is quoted in PS 5410.01 along with BOP commentary. That subsection sets out the criteria an eligible inmate with a high or medium risk of recidivism must satisfy before the BOP "may apply earned FSA [t]ime [c]redits toward prerelease custody," § 523.44(c)(2).[7] In commenting on § 523.44(c), PS 5410.01 provides that "[i]nmates with high or medium PATTERN[8] recidivism risk levels are exceptions to the routine application

---

[7] Subsection (c)(1) allows application of FSA time credits toward prerelease custody if an inmate has "[m]aintained a minimum or low recidivism risk through his or her last two risk and needs assessments," § 523(c)(1), implicitly leaving subsection (c)(2) as the means by which medium and high recidivism risk inmates can have their FSA time credits applied toward prerelease custody.

[8] "PATTERN" is an acronym for "Prisoner Assessment Tool Targeting Estimated Risk and Needs," which "is the recidivism risk assessment tool and part of the [BOP's] FSA-approved Risks and Needs Assessment System." R. at 75.

of" § 523.44(c), and that "[t]he Warden will consult with the Regional Director before approving an inmate under section (c)(2), unless an *exemption* is granted by the Regional Director consistent with the Program Statement Directive Management Manual."  R. at 82 (emphasis added) (boldface omitted).  We also understand Crosby's reference to a "BA0148 Inmate Request to Staff," R. at 40, to mean the "BP-A0148, Inmate Request to Staff" that the PS 5410.01 instructs inmates to file to "initiate a request under (c)(2)," R. at 83.

Viewed against this approval and exemption rubric, we conclude that Crosby's factual allegations are entirely too vague to meet the pleading requirements of Habeas Rules 2(c)(1) and 2(c)(2) and amount to no more than "naked allegations," which are "not cognizable" in a habeas corpus action, *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (internal quotation marks omitted).  In his amended application, Crosby disavowed any argument about "going into prerelease."  R. at 38 n.1.  And in his objections to the magistrate judge's recommendation, he stated that he is "not asking . . . to go into prerelease."  R. at 62.  However, § 523.44(c)(2) involves the application of "earned FSA [t]ime [c]redits *toward prerelease custody*," § 523.44(c)(2) (emphasis added), and PS 5410.01 allows the Regional Director to exempt high recidivism risk inmates from subsection (c)(2)'s requirements.  Thus, Crosby's disavowals regarding prerelease are wholly inconsistent with his reliance on the exemption.

Crosby also asks us to consider three cases.  *See* Aplt. Br. at 6–7 (citing *Fontanez v. Rardin*, No. 24-1421, 2025 WL 1383403 (6th Cir. Jan. 28, 2025), *Tyler*

9

*v. Garrett*, No. 24-1147, 2024 WL 5205501 (8th Cir. Dec. 24, 2024), and *Nicoletti v. Bayless*, No. 24-6012, 2025 WL 80294 (4th Cir. Jan. 13, 2025)). None of them changes the outcome of this appeal. *Fontanez* and *Tyler* involved an inmate's eligibility to earn FSA time credits. *See Fontanez*, 2025 WL 1383403, at *1; *Tyler*, 2024 WL 5205501, at *1. Thus, they are irrelevant to whether Crosby adequately pleaded a claim concerning an exemption that would allow the BOP to apply his FSA time credits toward prerelease custody. *Nicoletti* involved application of FSA time credits, but the issue was whether the BOP erred in declining to apply them because the inmate's earned time credits did not "equal the remainder of his sentence," as required by 18 U.S.C. § 3624(g)(1)(A). *Nicoletti*, 2025 WL 80294, at *1. Here, Crosby never alleged that his earned time credits equal the remainder of his sentence, which is also a requirement under § 523.44(b)(1).

## III. CONCLUSION

In sum, we conclude that Crosby's amended application does not adequately plead a habeas claim. We therefore affirm the district court's judgment. We grant Crosby's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court


Gregory A. Phillips
Circuit Judge