FILED
United States Court of Appeals
Tenth Circuit

**April 24, 2026**

**Christopher M. Wolpert
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MERCEIR CARDAN WELCH,

Petitioner - Appellant,

v.

ATTORNEY GENERAL OF THE STATE
OF COLORADO,

Respondent - Appellee.

No. 25-1315
(D.C. No. 1:24-CV-03371-LTB-RTG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Merceir Cardan Welch, proceeding pro se, seeks a certificate of appealability

("COA") to appeal the district court's dismissal of his application for a writ of habeas

corpus under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to

appeal the denial of a § 2254 application).  We deny a COA and dismiss this matter.

**I.  BACKGROUND**

In December 2024, Mr. Welch filed a § 2254 application stating that he was

confined at the Centennial Correctional Facility in Colorado.  He alleged he had been

convicted in Colorado state court on two counts of violating Colorado's Pawnbroker Act,

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

both class six felonies; one felony theft charge; and one count of unlawful sexual contact, a misdemeanor.  He also alleged he was sentenced in 2018 to one year in prison and eight years of felony sex offender intensive supervised probation ("SOISP").  He claimed his sentence was illegal, the state court lacked subject matter and personal jurisdiction over him, and his defense counsel was constitutionally ineffective by not informing him of the SOISP consequence of pleading guilty to the sex offense.

A magistrate judge reviewed the application and ordered Mr. Welch to cure two deficiencies in the application:  it was not on the proper form, and it did not name his custodian or the Colorado Attorney General as the respondent.

Mr. Welch filed an amended § 2254 application on the proper form and named the Colorado Attorney General as the respondent.  He asserted that the state court lacked subject matter and personal jurisdiction over him because the statutes underlying his convictions "are invalid laws that me A Natural Man is not subject to per the United States Constitution"; he is descended from British royalty; and "this World & it's [sic] ruler has no claim on [him]" because he is "in Fact Jesus Christ."  R. at 81.  The magistrate judge found that the "claim and supporting factual allegations provide[d] no specific credible allegations of a constitutional violation," as required by Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), but were "fantastic, delusional, and factually frivolous."  Suppl. R. at 9.  Accordingly, the magistrate judge ordered Mr. Welch to file an amended

application asserting "credible, non-frivolous habeas claims and supporting factual allegations" within 30 days or face dismissal of the action without further notice. *Id.*[1]

Mr. Welch filed another amended § 2254 application. The magistrate judge reviewed the amended application and ordered Mr. Welch to cure two deficiencies: it was not filed on the proper form and it did not name his custodian or the Colorado Attorney General as the respondent.

Mr. Welch filed yet another amended § 2254 application, this time on the proper form and naming the Colorado Attorney General as the respondent. He asserted four claims: (1) cruel and unusual punishment based on (a) the eight years of felony SOISP he received for his misdemeanor sex-offense conviction and (b) his alleged poisoning while in custody; (2) ineffective assistance of counsel for failure to explain the consequences of his plea to the sex-offense charge; (3) lack of subject matter and personal jurisdiction; and (4) illegal sentence.

The magistrate judge reviewed this amended application and recommended that it be denied and the action dismissed without prejudice because Mr. Welch failed to plead his claims with the specificity required by Habeas Rules 2(c)(1) and 2(c)(2). The magistrate judge found Mr. Welch had failed "to provide a clear statement of any cognizable habeas corpus claim that demonstrates his federal rights have been violated"

---

[1] In his initial and first amended § 2254 applications, Mr. Welch referred to *Colorado v. Welch*, No. 20CA984, 2021 WL 12344513 (Colo. App. Apr. 29, 2021). In that decision, the Colorado Court of Appeals affirmed the trial court's denial of one of Mr. Welch's applications for postconviction relief regarding the convictions and sentences at issue here.

and "[h]is claims and supporting allegations are vague, unclear, conclusory, and in part nonsensical." R. at 140. The magistrate judge also explained that to the extent Mr. Welch asserted a claim concerning the conditions of his confinement, he was required to assert a claim in an action under either 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not in a § 2254 application.

Mr. Welch then submitted a filing the district court construed as timely written objections to the magistrate judge's recommendation. The court overruled the objections, accepted and adopted the recommendation, denied the final amended § 2254 application, and dismissed the action without prejudice. The district court also denied a COA. Mr. Welch now seeks a COA from this court.

## II. DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). For claims a district court denied "on procedural grounds without reaching the prisoner's underlying constitutional claim," the applicant must also show that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Id.* We afford Mr. Welch's pro se

filings a liberal construction, but we cannot act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Habeas Rule 2(c) required Mr. Welch to, among other things, "specify all the grounds for relief available to [him]" and "state the facts supporting each ground." Habeas Rule 2(c)(1)–(2). "Rule 2(c) is more demanding" than the rules applicable to ordinary civil actions. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992).

In his combined COA application and opening brief, Mr. Welch makes no argument addressing the district court's dismissal of his habeas application for failure to meet the habeas pleading standards. He has therefore waived any argument that we should grant a COA. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)). Still, having reviewed the district court's rulings in light of the record and the applicable law, we conclude that reasonable jurists would not debate whether the district court's procedural ruling was correct or that Mr. Welch made a substantial showing of the denial of a constitutional right.

### III.  CONCLUSION

We deny a COA and dismiss this matter.

We deny Mr. Welch's motion seeking leave to proceed on appeal without prepayment of costs or fees (Dkt. No. 5) because he has failed to present "a reasoned, nonfrivolous argument." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

We deny as moot Mr. Welch's Motion to Address Cruel and Unusual Punishment (Dkt. No. 9), because it amounts to an effort to assert a § 1983 claim concerning the conditions of his confinement at the Arapahoe County Detention Facility as of the date the motion was filed (October 20, 2025).  Mr. Welch cannot bring a new § 1983 claim in the first instance in this court.

We construe Mr. Welch's untitled filing at Docket No. 13 as a motion to correct the case caption to reflect his allegedly new legal name, "Lord Mercier Walter Rothschild."  We deny the motion because it lacks any supporting documentation verifying a legal name change and because whether he has changed his legal name is irrelevant to our resolution of this case.

We deny Mr. Welch's request to supplement the record with documents not presented to the district court (Dkt. No. 15), because our review is generally limited to the record that was before the district court.  *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008).

In his filing at Docket No. 18, Mr. Welch appears to seek a wide variety of relief against appellee and entities who are not parties to this case (e.g., the U.S. Department of Justice, the U.S. Marshals Services, all federal agencies, the Denver International Airport,

the Denver Police Department, and the Denver RTD).  He also asks for protection in the federal witness-protection program and an order freezing all global assets linked to him. This filing is difficult to understand and, construed liberally, presents no cognizable argument.  We deny any relief Mr. Welch may be seeking in this filing.

Entered for the Court


Veronica S. Rossman
Circuit Judge