**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**September 27, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

JOHN ALLEN RICKS,

    Petitioner - Appellant,

v.

SHAWN LAUGHLIN,

    Respondent - Appellee.

No. 24-1335
(D.C. No. 1:23-CV-02927-LTB-SBP)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **PHILLIPS**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

This matter is before the court on John Ricks's pro se requests for (1) a

certificate of appealability ("COA") and (2) to proceed on appeal in forma

pauperis. He seeks a COA so he can appeal the dismissal without prejudice of his

28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal is

allowed from a "final order in a habeas corpus proceeding in which the detention

complained of arises out of process issued by a State court" unless the petitioner

first obtains a COA). Because Ricks has not "made a substantial showing of the

denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for

---

    * This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a COA and **dismisses** this appeal. Furthermore, because Ricks has not advanced on appeal "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised," this court **denies** his request to proceed in forma pauperis and orders him to immediately remit the entirety of the appellate filing fee. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Ricks initiated these habeas proceedings in district court, apparently seeking to challenge his Colorado state conviction, following a guilty plea, to a single count of forging a check. The matter was referred to a magistrate judge for initial proceedings. *See* 28 U.S.C. § 636(b)(1). The magistrate judge issued an order noting Ricks "asserts no facts in support of the [habeas] claim, but rather simply states that '[t]here are only 3 Jurisdictions in the U.S. Constitution,' enumerating 'Common Law,' 'Equity Law,' and 'Admiralty-Maritime Law.'" The magistrate judge noted that Ricks's petition failed to comply with Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts because the petition failed to identify the federal right allegedly violated in each claim it asserts, describe how the asserted right was violated, and allege specific facts in support of each claim. Accordingly, the magistrate judge ordered Ricks to file an amended petition that complied with the pleading rules set out in the Rules Governing Section 2254 Cases.

Ricks filed his amended § 2254 petition on February 28, 2024. In a Recommendation dated April 8, 2024, the magistrate judge recommended that the district court dismiss Ricks's amended habeas petition without prejudice. In so doing, the magistrate judge noted that Rule 2(c) is more demanding than the rules applicable to

ordinary civil actions. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). The magistrate judge concluded Ricks's amended petition fell far short of Rule 2(c)'s exacting pleading requirements, providing nothing more than vague and unclear allegations concerning Ricks's detention. Indeed, the magistrate judge recognized, the amended petition did not explain how Ricks's federal rights were violated in any way. Upon de novo review, 28 U.S.C. § 636(b)(1), the district court adopted the magistrate's Recommendation and dismissed Ricks's amended § 2254 habeas petition without prejudice.

Ricks seeks a COA so he can appeal the district court's dismissal of his § 2254 petition. The granting of a COA is a jurisdictional prerequisite to an appeal from the denial of a § 2254 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). To be entitled to a COA, Ricks must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, because the district court dismissed Ricks's petition on procedural grounds, Ricks must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To make the requisite showings, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). Although Ricks need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* at 338 (quotations omitted).

This court has undertaken a review of Ricks's combined appellate brief and request for COA, the district court's order, the magistrate judge's Recommendation, and the entire record before this court pursuant to the governing framework set out above. That review demonstrates Ricks is not entitled to a COA. In so concluding, this court has nothing to add to the magistrate judge's cogent and clearly correct reasoning.[1] Accordingly, Ricks's request for a COA is **DENIED** and this appeal is **DISMISSED**.

Entered for the Court

Michael R. Murphy
Circuit Judge

---

[1] In his combined appellate brief and request for a COA, Ricks asserts an Eighth Amendment 42 U.S.C. § 1983 claim related to the refusal of detention officials to make sure he has some type of undescribed surgery. We do not consider this issue because it was not raised in Ricks's operative February 28, 2024, habeas petition. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012).