FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**September 19, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

—————————————————————

EDWARD HOID,

    Petitioner - Appellant,

v.

STATE OF COLORADO ATTORNEY
GENERAL; COLORADO
DEPARTMENT OF CORRECTIONS
DIVISION OF PAROLE,

    Respondents - Appellees.

No. 25-1258
(D.C. No. 1:25-CV-00536-LTB-RTG)
(D. Colo.)

—————————————————————

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

—————————————————————

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

—————————————————————

To bring an appeal from the denial of a 28 U.S.C. § 2254 motion, the movant must

first obtain a Certificate of Appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1). Edward

Hoid, a state parolee proceeding pro se, seeks a COA to appeal from the district court's

denial of his petition for habeas relief pursuant to 28 U.S.C. § 2254. Mr. Hoid also seeks

to proceed in forma pauperis ("IFP") on appeal. The district court denied Mr. Hoid's

§ 2254 motion because it concluded that nine of his fourteen claims were not cognizable

in a habeas corpus action, and that the remaining five were procedurally barred.

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Construing Mr. Hoid's pleadings with the appropriate liberality, we conclude that reasonable jurists would not debate the district court's resolution of his claims.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we thus affirm the district court's dismissal of Mr. Hoid's petition. We also deny his request to proceed IFP on appeal.

## I.    BACKGROUND

Mr. Hoid pleaded guilty in 2023 to identity theft, theft, and criminal mischief. On May 12, 2023, he was sentenced to seven years in prison and three years of parole. Mr. Hoid did not file a direct appeal. On September 11, 2023, Mr. Hoid filed a state motion for post-conviction relief in the trial court pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. The trial court denied the motion, and the Colorado Court of Appeals affirmed the denial on December 19, 2024.

On February 19, 2025, Mr. Hoid filed the underlying Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Colorado, raising fourteen claims for relief. Among these claims, Mr. Hoid argued that he was a victim of a conspiracy between law enforcement and media outlets, that he was imprisoned for a crime he did not commit, and that his conviction was based on a falsified record. Respondents filed a response, arguing that Mr. Hoid's claims should be denied because they were unexhausted, and thus procedurally barred.

---

[1] Because Mr. Hoid is proceeding without the assistance of counsel, we "construe his pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). However, we "cannot take on the responsibility of serving as [his] attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

On May 30, 2025, the magistrate judge recommended dismissing Mr. Hoid's petition without prejudice. For nine of Mr. Hoid's fourteen claims, the magistrate judge found they were not cognizable under § 2254 because Mr. Hoid did not "challenge the validity of his guilty plea[,] conviction, [or] sentence"; "identify the federal right allegedly violated in each claim" asserted; "describe how the asserted right was violated"; or "allege specific facts in support of each claim." ROA at 753. As to the remaining five claims, the magistrate judge recommended dismissing them as unexhausted and thus procedurally defaulted because Rule 35(c) of the Colorado Rules of Criminal Procedure provided an available and effective state remedy, and Mr. Hoid had failed "to demonstrate either cause and prejudice or a fundamental miscarriage of justice" to excuse the procedural default. *Id*. at 759.

On June 10, 2025, Mr. Hoid filed his objections to the magistrate judge's recommendation. The district court then adopted the magistrate judge's recommendation in full, dismissed the petition without prejudice, and denied Mr. Hoid a COA. The district court concluded that while Mr. Hoid's objections had been timely, he had failed to "address in his objections the specific analysis in the Recommendation," and they were thus barred from de novo review. *Id.* at 768; *see United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). Finally, the district court denied Mr. Hoid's IFP motion without prejudice, certifying "that any appeal from

3

this dismissal would not be taken in good faith," and also denied him leave to proceed IFP on appeal. ROA at 769.

Mr. Hoid timely appealed and filed a motion to proceed IFP on appeal. Per Tenth Circuit Rule 22.1, the state respondents did not file a brief in this appeal. *See* 10th Cir. R. 22.1(B) (explaining that a respondent does not file a brief in a COA case unless requested to do so by this court). We deny Mr. Hoid's requests for a COA and for IFP status, and we dismiss the appeal.

## II.    LEGAL STANDARDS

A habeas petitioner may not appeal the denial of habeas relief under 28 U.S.C. § 2254 without first obtaining a COA. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Under 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." To make this showing, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 327). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El*, 537 U.S. at 336. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id*. In applying for a COA, a petitioner is not required to prove the merits of his case, but he must demonstrate "'something more than the absence of

4

frivolity' or the existence of mere 'good faith'" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In addition, because Mr. Hoid seeks to proceed IFP in this appeal, "he must demonstrate that he is financially unable to pay the requisite fees, and that there exists a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Silva*, 430 F.3d at 1100 (internal quotation marks omitted).

### III.    DISCUSSION

Because no reasonable jurist would debate whether the district court correctly dismissed Mr. Hoid's petition, we conclude that he is not entitled to a COA.[2] In his

---

[2] As noted above, the district court found that Mr. Hoid was barred from de novo review of his claims because he failed to address the analysis underlying the magistrate judge's recommendation. Considering that finding, this court directed Mr. Hoid to show cause whether he waived his right to appellate review under this circuit's firm waiver rule. In response, Mr. Hoid reiterated the same claims raised during district court proceedings. He did so without analysis, instead attaching his objections to the magistrate judge's recommendation already filed with the district court.

Under the firm waiver rule, a party must make "timely and specific" objections to a magistrate judge's recommendation to receive appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (holding the same under § 2255). "However, we have not decided whether the firm waiver rule operates as an independent basis for denying a COA." *Aguilar v. White*, No. 23-2163, 2024 WL 1928897, at *5 n.3 (10th Cir. May 2, 2024) (unpublished); *see also Glaser v. Archuleta*, 736 F. App'x 733, 736 (10th Cir. 2018) (unpublished). Regardless, we need not reach a firm waiver determination if we conclude the petitioner is not entitled to a COA under the traditional COA framework. *See United States v. Thyberg*, 722 F. App'x 847, 850 (10th Cir. 2018) (unpublished). This is especially so, as "it appears" that the firm waiver rule "isn't jurisdictional." *Id*. at 850 n.2; *see Hicks v. Franklin*, 546 F.3d 1279, 1283 n.3 (10th Cir. 2008) ("[A] failure to timely object to a magistrate's report is not jurisdictional.").

application for a COA, Mr. Hoid argues the district court was incorrect in holding that he failed to "address in his objections the specific analysis in the Recommendation." In making this assertion, Mr. Hoid repeats several allegations from his habeas petition before the district court: that Colorado state authorities colluded with news outlets to convict him; that he was held in prison for crimes he did not commit; and that his conviction was based on a falsified record. But "'naked allegations' are not cognizable under § 2254." *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (quoting *United States v. MacCollom,* 426 U.S. 317, 326–27 (1976)). In other words, Mr. Hoid fails to counter the magistrate judge's conclusions that his claims were either not cognizable or procedurally barred. Nowhere does he, for instance, "identify the federal right allegedly violated in each claim" asserted or "describe how the asserted right was violated." ROA at 753.

When the district court adopted the magistrate judge's recommendation, it specifically noted that because Mr. Hoid did "not address in his objections the specific analysis in the Recommendation," his objections were "barred from *de novo* review." ROA at 768. By attaching his previously filed objections, without discussing any error in the district court's ruling, he has not demonstrated "something more than the absence of frivolity" on his part. *Miller-El*, 537 U.S. at 338 (quoting *Barefoot*, 463 U.S. at 893). Mr. Hoid thus has provided no basis for us to conclude that "reasonable jurists would find

---

Accordingly, we consider Mr. Hoid's petition for COA without relying on our firm waiver rule.

the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As to the remaining five claims the district court dismissed on procedural grounds, Mr. Hoid has not engaged with the magistrate judge's or the district court's analysis. Thus, for the same reasons as with his first nine claims, Mr. Hoid has failed to show that a "jurist[] of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; s*ee also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (quotation marks omitted)). Because we conclude Mr. Hoid has not advanced on appeal a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised," we also deny his request to proceed IFP. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

## IV.   CONCLUSION

We DENY Mr. Hoid's request for a COA and his motion to proceed IFP. Accordingly, this appeal is DISMISSED.

Entered for the Court

Carolyn B. McHugh
Circuit Judge